J-S40011-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DOUGLAS TYLER GREENAWALT, | : | |
| | : | |
| Appellant | : | No. 1674 WDA 2018 |

Appeal from the PCRA Order Entered October 2, 2018
In the Court of Common Pleas of Clarion County
Criminal Division at No(s):
CP-16-CR-0000357-2015
CP-16-CR-0000550-2014
CP-16-CR-0000551-2014

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT |
| | : | OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DOUGLAS TYLER GREENAWALT, | : | |
| | : | |
| Appellant | : | No. 1702 WDA 2018 |

Appeal from the PCRA Order Entered October 2, 2018
In the Court of Common Pleas of Clarion County
Criminal Division at No(s):
CP-16-CR-0000357-2015
CP-16-CR-0000550-2014
CP-16-CR-0000551-2014

BEFORE:  BENDER, P.J.E., MCLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          FILED SEPTEMBER 11, 2019

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant, Douglas Tyler Greenawalt, appeals pro se from the order denying his Post Conviction Relief Act ("PCRA")[1] petition as untimely. After careful review, we affirm.

On September 9, 2015, Appellant entered a negotiated guilty plea to numerous sexual offenses involving multiple victims at CP-16-CR-0000357-2015 ("357-15"), CP-16-CR-0000550-2014 ("550-14"), and CP-16-CR-0000551-2014 ("551-14"). At 357-15, Appellant pled guilty to unlawful contact with a minor,[2] and ten counts of promoting prostitution.[3] At 550-14, he pled guilty to unlawful contact with a minor, corruption of minors,[4] criminal use of a communication facility,[5] and indecent assault.[6] At 551-14, he pled guilty to statutory sexual assault.[7] Following his plea, the trial court ordered a Sexually Violent Predator ("SVP") evaluation by the Sexual Offenders Assessment Board. On December 1, 2015, the Sexual Offenders Assessment

---

[1] See 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 6318(a)(1) (contacting a minor for the purpose of committing a Chapter 31 offense).

[3] 18 Pa.C.S. § 5902(b)(3) ("encouraging, inducing, or otherwise intentionally causing another to become or remain a prostitute").

[4] 18 Pa.C.S. § 6301(a)(ii) ("by any course of conduct in violation of Chapter 31 ... corrupts or tends to corrupt the morals of any minor").

[5] 18 Pa.C.S. § 7512.

[6] 18 Pa.C.S. § 3126(a)(2) (by forcible compulsion).

[7] 18 Pa.C.S. § 3122.1(a)(1) (victim 4-8 years' younger than defendant).

Board recommended that Appellant be deemed an SVP by the trial court. An SVP hearing was held on January 26, 2016, following which the trial court determined by clear and convincing evidence that Appellant is an SVP. A sentencing hearing was then scheduled for March 9, 2016.

On that date, the trial court rejected Appellant's guilty plea on the basis that the negotiated term of 4-8 years' incarceration was "insufficient given the number and serious nature of the crimes...." Order, 3/17/16, at 1 (single page). Appellant subsequently entered another guilty plea on April 6, 2016, to indecent assault and unlawful contact with a minor at 550-14, statutory sexual assault at 551-14, and two counts of unlawful contact with a minor, one count of promoting prostitution, and two counts of unlawful contact with a minor at 357-15. The court accepted Appellant's second plea agreement, noting that:

> The plea was entered pursuant to a plea agreement[,] the terms of which [Appellant] will receive an aggregate minimum sentence of incarceration on all charges of four years and a consecutive period of probation of five years. [Appellant] does not contest and will not request further hearing on the allegation and finding that he is a[n SVP].

Plea Order, 4/6/16, at 1 (single page) (docketed on April 14, 2016).

By order dated April 6, 2016, the trial court sentenced Appellant to an aggregate term of 4-11 years' incarceration and 5 years' consecutive probation. Sentencing Order, 4/6/16, at 1 (docketed on April 15, 2016). The sentencing order also restated the court's finding that Appellant is an SVP. Id. at 2. Appellant did not file a direct appeal from his judgment of sentence.

On June 25, 2018, Appellant filed a facially untimely, pro se PCRA petition ("Petition"), his first. PCRA counsel was appointed to represent him soon thereafter. However, PCRA counsel filed a no-merit letter and a petition to withdrawal on August 15, 2018, indicating in the letter that the Petition was untimely and, therefore, Appellant was not entitled to relief. On August 21, 2018, based on PCRA counsel's no-merit letter, the PCRA court issued notice of its intent to dismiss the Petition without a hearing pursuant to Pa.R.Crim.P. 907. The court also granted counsel's petition to withdrawal on that date. Appellant filed a response to the PCRA court's Rule 907 notice on September 13, 2018. On October 2, 2018, the court issued an opinion and order dismissing the Petition.

Appellant filed a notice of appeal on November 7, 2018,[8] and a timely, court-ordered, pro se Pa.R.A.P. 1925(b) statement on December 14, 2018.

_____

[8] There are two major problems with Appellant's notice of appeal. First, it is untimely on its face. A notice of appeal must be filed "within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903. Appellant's notice of appeal was filed with the clerk of courts six days late, on November 7, 2018. Although the notice of appeal and the accompanying certificate of service were both dated October 31, 2018, nothing in the certified record indicates that Appellant actually delivered the notice of appeal to prison authorities on that date, so as to render his notice of appeal timely filed pursuant to the prisoner mailbox rule. See Commonwealth v. DiClaudio, 210 A.3d 1070, 1074 (Pa. Super. 2019) ("The prisoner mailbox rule provides that a pro se prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing.") (cleaned up).

Second, it is also immediately apparent that Appellant's notice of appeal runs afoul of our Supreme Court's decision in Commonwealth v. Walker, 185 A.3d 969, 976 (Pa. 2018). In Walker, our Supreme Court construed

- 4 -

The trial court issued a statement pursuant to Rule 1925(a) on December 17, 2018. Therein, the court indicated it would rely on its October 2, 2018 opinion to address the claims raised in Appellant's Rule 1925(b) statement. By order dated December 26, 2018, this Court sua sponte consolidated Appellant's multiple notices of appeal.

Appellant now presents the following question for our review:

Whether this pro se appeal petition merits reinstatement of petitioner's appeal rights is a question of exceptional circumstances and the law?

Appellant's Brief at 2.

Appellant's statement of the question presented obscures his issue, which centers on a single claim that his SVP determination constitutes an illegal sentence pursuant to Commonwealth v. Butler, 173 A.3d 1212 (Pa. Super. 2017). In Butler, this Court applied Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), in holding that "the Sexual Offender Registration and

_____

Pa.R.A.P. 341(a) as a "bright-line mandatory instruction to practitioners to file separate notices of appeal" for each docket where one or more orders resolve issues on multiple dockets. Id. at 976-77. Here, Appellant filed a single notice of appeal listing all three docket numbers at issue in this case, which the clerk of courts apparently copied and filed separately in the three separate dockets. This does not constitute compliance with Walker. See Commonwealth v. Creese, 2019 PA Super 241, 2019 WL 3812232 (Pa. Super. filed Aug. 14, 2019) ("We read our Supreme Court's decision in Walker as instructing that we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case.").

Nevertheless, as addressed infra, the court below lacked jurisdiction to entertain the Petition, as it did not satisfy the timeliness requirements of the PCRA statute. Accordingly, in disposing of Appellant's claim presented herein, we apply that jurisdictional bar first.

Notification Act's ("SORNA's") framework for designating a convicted defendant a[n SVP] violates the federal and state constitutions." Butler, 173 A.3d at 1213. Appellant further contends that the PCRA court erred when it denied the Petition as untimely, arguing that the Petition met at least one timeliness exception to the PCRA's time bar.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012) (cleaned up).

However, we must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. Commonwealth v. Bennett, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

(b) Time for filing petition.--

- 6 -

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[9]

Appellant contends that he did not discover our Butler decision until April 20, 2018. On that basis, he attempts to invoke the timeliness exception set forth in Section 9545(b)(1)(ii), and further argues that an illegal sentencing claim can be raised at any time.

However, it is well-established that "a legality of sentencing issue must be raised in a timely filed PCRA petition." Commonwealth v. Whitehawk,

_____

[9] An amendment to Section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). Instantly, the Petition was filed on June 25, 2018, prior to the effective date of that amendment and, thus, the Petition was subject to the 60-day rule.

146 A.3d 266, 270 (Pa. Super. 2016). Furthermore, our Supreme Court has held "that subsequent decisional law does not amount to a new 'fact' under [S]ection 9545(b)(1)(ii) of the PCRA." Commonwealth v. Watts, 23 A.3d 980, 987 (Pa. 2011). Accordingly, Appellant cannot invoke Section 9545(b)(1)(ii) to bypass the timeliness requirements of the PCRA based on this Court's decision in Butler.

Appellant also argues that the timeliness exception set forth in Section 9545(b)(1)(iii) applies to the Petition based on our decision in Butler and/or our Supreme Court's decision in Muniz.

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

Commonwealth v. Abdul-Salaam, 812 A.2d 497, 501 (Pa. 2002).

Butler is not a decision issued by "the Supreme Court of the United States or the Supreme Court of Pennsylvania[,]" and thus cannot be used to invoke Section 9545(b)(1)(iii). 42 Pa.C.S. § 9545(b)(1)(iii). Furthermore, no decision by our Supreme Court has indicated that Muniz applies retroactively to cases on collateral review, including the Muniz decision itself. Accordingly,

Appellant cannot invoke the timeliness exception set forth in Section 9545(b)(1)(iii).

For these reasons, we agree with the PCRA court that the Petition is untimely and that it does not satisfy any exception to that statute's timeliness requirements. See PCRA Court Opinion, 10/2/18, at 3. To the extent that our reasoning differs from that of the PCRA court, we note that this "Court may affirm a PCRA court's decision on any grounds if the record supports it." Ford, 44 A.3d at 1194.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/11/2019