J-S54010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACY DEL HANNA | : | |
| | : | |
| Appellant | : | No. 666 MDA 2019 |

Appeal from the PCRA Order Entered November 22, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007808-2013

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:               **FILED OCTOBER 23, 2019**

Tracy Del Hanna appeals *nunc pro tunc* from the order that dismissed his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"). Also before us is an application by Kristopher G. Accardi, Esquire to withdraw as counsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). We vacate the PCRA court's order dismissing Appellant's second PCRA petition, deny counsel's application to withdraw, and remand for further proceedings.

On September 28, 2013, Appellant and Timothy Morton fought over an electric bill.  During the course of the altercation, Appellant stabbed Morton with a knife.  Morton was transported by ambulance to the emergency room and treated for a five and one-half inch deep stab wound to the buttocks. After a jury trial, Appellant was convicted of two counts of aggravated assault and one count each of simple assault and possession of marijuana.  On

September 24, 2014, the trial court imposed an aggregate sentence of seven and one-half to fifteen years of incarceration. This Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Hanna*, 134 A.3d 94 (Pa.Super. 2015) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court. Therefore, his judgment of sentence became final in November of 2015.

Appellant filed a timely *pro se* PCRA petition on February 25, 2016. In his petition, Appellant alleged that trial counsel was ineffective for directing him to reject a plea offer on the grounds that the Commonwealth could not prove serious bodily injury since the injury was below the waist. Counsel was appointed, but due to a conflict, substitute conflict counsel was appointed. On August 22, 2016, the PCRA court held a hearing, at the conclusion of which it dismissed the PCRA petition on its merits.

On August 24, 2016 and September 30, 2016, Appellant attempted to file *pro se* notices of appeal. Both were rejected, and forwarded to counsel, since Appellant was still represented by conflict counsel. On February 16, 2017, Appellant received a letter from conflict counsel stating that he did not know that Appellant wished to file an appeal, the time for filing one had lapsed, and instructing Appellant to file a PCRA petition seeking the reinstatement of his appellate rights due to attorney abandonment.

Five months later, Appellant filed his second *pro se* PCRA petition. In the petition, Appellant challenged conflict counsel's effectiveness for failing to file a notice of appeal following the dismissal of his first PCRA petition.

Appellant attached the February 16, 2017 letter from conflict counsel as an exhibit. The PCRA court appointed counsel and ordered him to file an amended PCRA petition, which he did. The amended PCRA petition reiterated the argument Appellant had already made in his *pro se* petition.

After new counsel was appointed, the Commonwealth filed a motion to dismiss the second PCRA petition as untimely, since the petition was facially untimely and not filed within sixty days[1] of the date that it could have been filed, so that it could have meet one of the PCRA time bar exceptions. On November 22, 2017, the PCRA court entered an order, agreeing with the Commonwealth's reasoning, and dismissing Appellant's second PCRA petition as untimely. Appellant's counsel filed a motion for reconsideration of the dismissal order. On January 30, 2018, the PCRA court denied the motion. After a breakdown, wherein Appellant's counsel abandoned him, new counsel was appointed and appellate rights were reinstated *nunc pro tunc.* Appellant filed a timely notice of appeal *nunc pro tunc*, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

In this Court, in lieu of an advocate's brief, counsel filed a petition to withdraw and no-merit letter pursuant to **Turner** and **Finley**. Before we consider the merits of the issues raised on appeal, we must determine whether

---

[1] As of December 24, 2018, 42 Pa.C.S. § 9545(b)(2) now provides that any PCRA petition invoking a timeliness exception must be filed within one year of the date the claim first could have been presented. However, this amendment does not apply to Appellant's case, which arose before the effective date of the amendment.

counsel followed the required procedure, which we have summarized as follows.

> *Turner*/*Finley* counsel must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner*/*Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007) (cleaned up).

We are satisfied from the review of counsel's application and no-merit letter that counsel has complied with the technical requirements of *Turner* and *Finley*. Counsel has detailed his review of the case and the issue

Appellant wises to raise, and explained why that issue lacks a viable avenue to success, albeit with sparse citation to authority. Counsel also indicates that he sent a copy to Appellant and advised him of his immediate right to proceed *pro se* or with hired counsel. Appellant has not responded to this filing. However, upon conducting our own review of the record we uncovered an unresolved issue which causes us to disagree with counsel's ultimate conclusion that the appeal likes merit.

Consistent with our well-established precedent, we find that Appellant's *pro se* notice of appeal from the denial of his first PCRA petition was timely filed and should have been docketed and forwarded to our Court despite Appellant's representtion by counsel. **See Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa.Super. 2019); Pa.R.A.P. 902. Since the timely-filed *pro se* notice of appeal was docketed in the trial court, but not forwarded to this Court in violation of Pa.R.A.P. 902, a breakdown in the operation of the courts occurred. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa.Super. 2016) (finding a breakdown in the operation of the courts where a timely-filed *pro se* notice of appeal was docketed in the trial court, but not forwarded to our Court because the defendant was represented by counsel).

Given this discovery, Appellant's appeal from his first PCRA petition was never decided and is, in fact, still pending. Therefore, the PCRA court did not have jurisdiction to even consider, let alone dismiss, Appellant's second PCRA petition. **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (holding

that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought"). Accordingly, we vacate the PCRA court's order denying Appellant's second PCRA petition as premature, deny counsel's request to withdraw, and remand to the PCRA court so that Appellant can proceed upon the timely filed notice of appeal from the dismissal of his first PCRA petition. We simultaneously order the York County Clerk of Courts to forward to this court Appellant's August 24, 2016 *pro se* notice of appeal.

Order vacated. Petition to withdraw denied. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2019