**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| v. | : | |
| | : | |
| JAMIR D. WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 2334 EDA 2019 |

Appeal from the PCRA Order Entered July 8, 2019
in the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003302-2012

BEFORE:  BOWES, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                    Filed: March 23, 2020

Jamir D. Williams (Appellant) *pro se* appeals from the order entered July 8, 2019, which dismissed his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we quash this appeal as untimely filed.

We note briefly that, in the early morning hours of July 24, 2010, Appellant shot and killed Rahim Hicks at close range outside J&S Seafood in Delaware County, Pennsylvania.  A stray bullet wounded another individual. Following a police investigation, Appellant was ultimately arrested and charged with first-degree murder and related offenses on February 9, 2012. After extensive pretrial motions and a three-day trial, a jury convicted Appellant of one count each of first-degree murder and possession of an

_____

* Retired Senior Judge assigned to the Superior Court.

instrument of a crime (PIC) on October 23, 2014. On March 20, 2015,[1] Appellant was sentenced a term of life imprisonment without the possibility of parole (LWOP) on the first-degree murder conviction, and a consecutive term of 30 to 60 months of incarceration on the PIC conviction.[2]

Appellant timely appealed to this Court, and on November 28, 2016, this Court affirmed Appellant's judgment of sentence. **_Commonwealth v. Williams_**, 159 A.3d 600 (Pa. Super. 2016) (unpublished memorandum). Appellant did not seek a petition for allowance of appeal with our Supreme Court.

On December 27, 2016, Appellant *pro se* filed a motion seeking the appointment of counsel to assist him in filing a PCRA petition, which the PCRA court treated as a timely-filed PCRA petition. On March 9, 2017, the PCRA court appointed counsel for Appellant. Counsel requested and was granted extensions of time to review the voluminous record. On October 10, 2017, Appellant *pro se* filed a motion for appointment of new PCRA counsel, which the PCRA court denied on October 16, 2017.

_____

[1] Sentencing was continued to this date by the trial court because Appellant was charged with another homicide in an unrelated incident, docketed at CP-23-CR-0002378-2012 (Docket 2378-2012).

[2] The trial court ordered Appellant's sentence to be run consecutively to his sentence at Docket 2378-2012. At Docket 2378-2012, Appellant was convicted, *inter alia*, of first-degree murder and sentenced to LWOP.

On October 26, 2017, Appellant filed a motion to proceed *pro se*. After a **Grazier**[3] hearing on November 16, 2017, the PCRA court denied the motion. However, the PCRA court permitted then-PCRA counsel to withdraw and appointed new counsel. Appellant *pro se* filed an appeal to this Court, protesting the Court's denial of his motion to proceed *pro se*.[4] On February 20, 2018, this Court issued an order directing the PCRA court to conduct an on-the-record determination as to whether Appellant's waiver of counsel was knowing, intelligent, and voluntary pursuant to **Grazier**. After a second **Grazier** hearing on May 1, 2018, the PCRA court permitted Appellant to proceed *pro se* and appointed stand-by counsel "to answer any legal or procedural questions that Appellant may have while filing PCRA documents." Trial Court Opinion, 8/28/2019, at 6; **see also** Order, 5/4/2018. By order filed on October 12, 2018, this Court quashed the appeal at 150 EDA 2018 as moot and interlocutory. Order, 10/12/2018.

On May 30, 2018, Appellant *pro se* sought leave to amend his PCRA petition,[5] and on June 14, 2018, Appellant *pro se* filed an amended PCRA petition. Therein, he claimed a due process violation based on his contention

---

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[4] This appeal was docketed at 150 EDA 2018.

[5] It does not appear the PCRA court ruled upon said motion. In its opinion, the PCRA court indicates that it did not rule on the motion because this Court had not relinquished jurisdiction of Appellant's aforementioned appeal. Trial Court Opinion, 8/28/2019, at 6.

that his conviction was the result of perjured witness statements to police and trial testimony. Amended PCRA Petition, 6/14/2018, at ¶¶ 8-10. He also raised several claims of ineffective assistance of counsel for failing to (1) request a mistrial due to the allegedly perjured statements and testimony, (2) raise the due process violation in post-sentence motions or on direct appeal, (3) pursue claims regarding pre-trial delay, (4) pursue an insanity defense, (5) call a witness regarding police corruption, and (6) file a petition for allowance of appeal with our Supreme Court. *Id.* at ¶ 11. The PCRA court ordered the Commonwealth to respond, which it did on February 28, 2019. On May 14, 2019, the PCRA court issued notice of its intent to dismiss without a hearing pursuant to Pa.R.Crim.P. 907. Appellant *pro se* responded thereto, and on July 8, 2019, the PCRA court dismissed Appellant's petition.

Appellant *pro se* filed a notice of appeal on August 12, 2019.[6] On September 16, 2019, this Court issued a rule to show cause as to why the instant appeal should not be quashed as untimely filed. Order, 9/16/2019. In his *pro se* response, Appellant stated only that his appeal should not be dismissed because "the prisoner mailbox rule applies." **See** Appellant's Response to Court's Show Cause Order, 10/18/2019. Appellant did not explain how or why the rule applies.

---

[6] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

On October 21, 2019, this Court ordered Appellant to file with this Court proof of the date that Appellant mailed his *pro se* notice of appeal. Order, 10/21/2019. Appellant failed to file with this Court a response or such proof. On December 3, 2019, this Court discharged the rule and referred it to this panel for consideration.

On appeal, Appellant claims the PCRA court erred in dismissing his PCRA petition without a hearing, and specifically erred in dismissing his PCRA claim of ineffective assistance of counsel for failure to file a petition for allowance of appeal with our Supreme Court. Appellant's Brief at 2.

Before we reach the merits of Appellant's appeal, we must first determine whether we have jurisdiction to entertain this appeal.

A notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a).

> The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act. Absent extraordinary circumstances, an appellate court lacks the power to enlarge or extend the time provided by statute for taking an appeal. *See* Pa.R.A.P. 105. Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal.

*Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014) (some internal citations omitted). "[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." *Commonwealth v. DiClaudio*, 210 A.3d 1070, 1074 (Pa. Super. 2019) (citation omitted).

- 5 -

Examples of proof of the date of mailing the notice of appeal are a prison cash slip from prison authorities, a certificate of mailing, or "any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities." ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997). A prisoner bears the burden of proving delivery of the notice of appeal to prison authorities within the prescribed time period for its filing. ***Id.*** This Court has held that where the certified record does not indicate when an appellant delivered the document to prison authorities for mailing, the postmark date on the envelope may be used. ***DiClaudio***, 210 A.3d at 1074, *citing* ***Jones***, 700 A.2d at 426 n.3.

Instantly, the PCRA court dismissed Appellant's *pro se* PCRA petition on July 8, 2019. The certified docket indicates that on July 9, 2019, the PCRA court sent the order to Appellant via first-class mail.[7] For Appellant's notice of appeal to be considered timely, he had to file it within 30 days of the date the clerk of courts mailed Appellant a copy of the order, *i.e.*, August 8, 2019. ***See*** Pa.R.A.P. 903(a); Pa.R.A.P. 108(a)(1) (providing that the day of entry of an order by a court "shall be the day the clerk of court … mails or delivers

---

[7] The order contained in the certified record indicates that on July 8, 2019, the PCRA court also sent the order to Appellant via certified mail. ***See*** Pa.R.Crim.P. 907(4) ("When the [PCRA] petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed.").

copies of the order to the parties….").   Thus, Appellant's August 12, 2019 notice of appeal is facially untimely.

Appellant's notice of appeal and proof of service were dated July 9, 2019.   Contained in the certified record is the envelope in which Appellant mailed his notice of appeal; the postmark date on the envelope is August 9, 2019, which is beyond the prescribed appeal period.   Nothing in the record supports Appellant's contention that the notice of appeal was actually delivered to prison authorities for mailing on July 9, 2019, as written on his proof of service.   Appellant has not filed proof of a cash slip from prison authorities, a certificate of mailing, or "any reasonably verifiable evidence of the date" he deposited his notice of appeal with prison authorities.   Further, we note that the certified docket indicates that the PCRA court mailed its order dismissing the PCRA petition on July 9, 2019, the same date Appellant purports to have mailed his notice of appeal.

Because Appellant has not met his burden of proving the date he delivered his notice of appeal to prison authorities for mailing, and because the envelope's postmark date of August 9, 2019, is beyond the period for a timely appeal to be filed, we are without jurisdiction and must quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/20