J-S55021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK DEWIGHT DAWSON | : | |
| | : | |
| Appellant | : | No. 1738 WDA 2019 |

Appeal from the PCRA Order Entered November 8, 2019
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002038-2011,
CP-07-CR-0002042-2011, CP-07-CR-0002044-2011

BEFORE:   BOWES, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:                **FILED FEBRUARY 24, 2021**

Derrick Dewight Dawson (Appellant) appeals *pro se* from the order entered in the Blair County Court of Common Pleas dismissing, as untimely, his third petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] Appellant seeks relief from the judgment of sentence imposed following his jury convictions of, *inter alia*, possession with intent to deliver[2] (PWID) controlled substances in three separate dockets, which were tried together. He contends the PCRA court erred in summarily dismissing his petition as untimely without first conducting a hearing on his claims of prosecutorial

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(30).

misconduct and the ineffective assistance of trial counsel. Because we conclude Appellant's single notice of appeal does not comply with the dictates of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), we are constrained to quash this appeal. *See id.* at 977 (holding Pa.R.A.P. 341(a) requires defendants to file separate notices of appeal "when a single order resolves issues arising on more than one lower court docket[;] failure to do so [prospectively] will result in quashal of the appeal").

The relevant facts and procedural history underlying this appeal are as follows. In September of 2011, the Commonwealth filed charges against Appellant for three "buy/busts [of cocaine] involving confidential informant Michelle Knab" and a co-defendant who was tried separately. *Commonwealth v. Dawson*, 1025 WDA 2017 (unpub. memo. at 1) (Pa. Super. Oct. 22, 2018). These three cases — involving controlled buys that occurred on August 18, August 25, and September 21, 2011 — were tried together.[3] On April 11, 2012, following a jury trial, Appellant was convicted of the following charges: (1) at Trial Docket No. CP-07-CR-0002038-2011 (Docket 2038), PWID, criminal use of a communication facility,[4] and possession of a controlled substance;[5] (2) at Trial Docket No. CP-07-CR-

---

[3] The Commonwealth also filed drug charges against Appellant in early 2012 in eight additional informations, but those cases were severed for trial. *Dawson*, 1025 WDA 2017 (unpub. memo. at 1).

[4] 18 Pa.C.S. § 7512(a).

[5] 35 P.S. § 780-113(a)(16).

0002042-2011 (Docket 2042), PWID, criminal use of a communication facility, and possession of a controlled substance; and (3) at Trial Docket No. CP-07-CR-0002044-2011 (Docket 2044), two counts of PWID, and one count each of criminal use of a communication facility and possession of a controlled substance.[6] On July 13, 2012, Appellant was sentenced to an aggregate term of 33 to 66 years' imprisonment. He filed a timely direct appeal.

This Court affirmed the judgment of sentence on October 4, 2013, and the Pennsylvania Supreme Court denied Appellant's petition for *allocatur* review. ***See Commonwealth v. Dawson***, 1268 WDA 2012 (unpub. memo.) (Pa. Super. Oct. 4, 2013), *appeal denied*, 536 WAL 2013 (Pa. Mar. 25, 2014). Thereafter, on May 28, 2014, Appellant filed a timely, counseled PCRA petition. The PCRA court denied relief on December 18, 2014, and Appellant did not appeal from that decision.

On July 14, 2015, Appellant filed a second PCRA petition, *pro se*. Counsel was appointed, and filed an amended petition on January 17, 2017. Following an evidentiary hearing, the PCRA court denied relief on June 13, 2017. This Court affirmed on appeal, concluding the petition was untimely filed and Appellant failed to establish one of the timeliness exceptions set forth at 42 Pa.C.S. § 9545(b)(2). ***Dawson***, 1025 WDA 2017 (unpub. memo. at 8-11).

---

[6] At Dockets 2042 and 2044, the jury found Appellant not guilty of criminal conspiracy. ***See*** 18 Pa.C.S. 903(a)(2).

Appellant, acting *pro se*, filed the current PCRA petition, his third, on October 9, 2019. He alleged the Commonwealth withheld exculpatory evidence that the confidential informant, who testified against him, was committing crimes while working as a paid informant. *See* Appellant's Motion for Post Conviction Collateral Relief, 10/9/19, at 4. Moreover, Appellant asserted he "was made aware of this exculpatory evidence on August 16, 2019," by another inmate housed at his prison. *Id.* On October 11th, the PCRA court issued notice of its intent to dismiss his petition as untimely pursuant to Pa.R.Crim.P. 907. Appellant filed a timely response. Nevertheless, on November 18, 2019, the PCRA court entered an order dismissing the petition. We note that both Appellant and the PCRA court listed all three trial court docket numbers on every filing.

On November 25, 2019, Appellant filed a single, timely notice of appeal. The notice lists all three trial court docket numbers, and is listed on the docket in all three cases. However, there is only one physical copy of the notice of appeal in the certified records; that document is included at Docket No. 2038. That same day, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Although no concise statement is included in the certified record or docketed, the PCRA court indicated in its January 8, 2020, opinion that it received a statement from Appellant. *See* PCRA Ct. Op., 1/8/20, at 1 ("The court, **upon receipt** of [Appellant's] Concise Statement of Matters Complained of on Appeal

- 4 -

provides the following opinion in support of affirmance of this court's order of November 18, 2019.") (emphasis supplied).[7]

On January 2, 2020, this Court directed Appellant to show cause within 10 days why the appeal should not be quashed in light of the Supreme Court's decision in *Walker*. *See Walker*, 185 A.3d at 977 (failure to file separate notices of appeal from single order resolving issues on more than one docket will result in quashal). When Appellant did not file a timely response, on January 15th we discharged the show cause order and advised the parties that "the issue may be revisited by the panel to be assigned to this case[.]" Order Discharging Rule to Show Cause, 1/15/20. The following day, January 16th, this Court received Appellant's *pro se* response.[8] He asserted:

> Although the *pro se* notice of appeal filed by Appellant [on November 25, 2019,] **failed to comply** with Pa.R.A.P. 341(a) in that separate notices of appeal were not filed for each lower court docket number involved, . . . on December 8, 2019, and prior to [the] expiration of the applicable 30-day appeal period, Appellant sent to the clerk of the lower court for filing and to all other required parties for service, corrected notices of appeal, with a separate notice being filed and served for each trial court docket number involved.

---

[7] In his reply brief, Appellant insists he timely filed a concise statement on December 13, 2019. *See* Appellant's Reply Brief at 6.

[8] The *pro se* response was dated January 10, 2020. Pursuant to the prisoner mailbox rule, we will consider the response timely filed. *See Commonwealth v. DiClaudio*, 210 A.3d 1070, 1074 (Pa. Super. 2019) ("[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing.").

Appellant's Response to January 2, 2020 Order to Show Cause, 1/16/20, at 1-2 (emphasis added). Appellant attached to his response three purported, corrected notices of appeal — one for each trial court docket — which are dated December 8, 2019. ***See id.***, Exhibit A. None of the attachments, however, include any objective proof of mailing. Moreover, these purported "corrected" notices of appeal are not included in any of the certified records, nor are they listed on any of the trial court dockets.

Appellant raises eight issues on appeal, all asserting the PCRA court erred in dismissing his petition as untimely without first conducting a hearing. ***See*** Appellant's Brief at 4-5. Specifically, he insists: (1) he established a timeliness exception; (2) the PCRA court should have provided him the opportunity to amend his petition; (3)-(5) the Commonwealth committed several ***Brady***[9] violations; (6) his sentence exceeded the statutory maximum; and (7)-(8) trial counsel rendered ineffective assistance. ***See id.*** As noted above, the PCRA court found Appellant's petition was untimely filed, and Appellant failed to establish one of the timeliness exceptions. ***See*** PCRA Ct. Op. at 2.

Before we may address the substantive claims on appeal, we must first determine whether Appellant complied with ***Walker***. Indeed, the trial court suggests we should quash this appeal based on Appellant's non-compliance. ***See*** PCRA Ct. Op. at 1. We are constrained to agree.

_____

[9] ***Brady v. Maryland***, 373 U.S. 83 (1963).

In **Walker**, the Pennsylvania Supreme Court explained that the official comment to Pa.R.A.P. 341(a) "provides a bright-line mandatory instruction to practitioners to file separate notices of appeal" when "one or more orders resolves issues arising on more than one docket or relating to more than one judgment." **Walker**, 185 A.3d at 976-77, *citing* Pa.R.A.P. 341 (2018). Thus, the Court held:

> While we do not quash the present appeal in this instance, in future cases Rule 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal.

**Walker**, 185 A.3d at 977 (footnote omitted). Because the notice of appeal herein was filed in November of 2019, more than one year after the **Walker** decision, the holding in **Walker** is controlling.

Nevertheless, in a trio of *en banc* decisions, this Court recently delineated several exceptions to **Walker** when quashal is not required. In **Commonwealth v. J. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*), *appeal denied*, 242 A.3d 304 (Pa. 2020), we held that an appellant's "inclusion of multiple docket numbers" on a notice of appeal did not violate **Walker**, so long as the appellant filed separate notices of appeal at each trial court docket. **Id.** at 1148, *overruling in part* **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019). In that case, we noted it was "indisputable that [the appellant] filed a separate notice of appeal for each of the four dockets below, because he italicized only one case number on each notice of appeal." **J. Johnson**, 236 A.3d at 1148.

- 7 -

Similarly, in **Commonwealth v. R. Johnson**, 263 A.3d 63 (Pa. Super. 2020) (*en banc*), the appellant "filed three separate notices of appeal, one for each lower-court docket number." **Id.** at 66. The *en banc* panel concluded no **Walker** violation occurred despite the fact the appellant listed all three related docket numbers on each notice of appeal. **Id.** Upon our review of the record, we determined the notice of appeal filed in each case was "clearly distinct." **Id.** Although two of the notices included the same time stamp, the stamp was in different locations on the document. **See id.** The third notice had a completely different time stamp. **Id.** Thus, the *en banc* panel concluded the appellant complied with **Walker** by filing "three separate notices for each lower-court docket number." **Id.**

In the third case — **Commonwealth v. Larkin**, 235 A.3d 350 (Pa. Super. 2020) (*en banc*) — the defendant filed only one physical notice of appeal, which listed two trial court docket numbers. **Id.** at 352. Nevertheless, the *en banc* panel declined to quash the appeal from an order denying PCRA relief. **Id.** at 354. Rather, the panel determined the PCRA court had improperly informed the defendant he had 30 days from the date of the order denying PCRA relief "to file **an** appeal." **Id.** (citation omitted). Thus, the **Larkin** Court held "we may overlook the requirements of **Walker** where . . . a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights." **Id.**

The facts in the case before us do not align with those in **J. Johnson**, **R. Johnson**, or **Larkin**. While Appellant's decision to list all three docket

numbers on the notice of appeal is not dispositive, the certified records for Dockets 2038, 2042 and 2044 include **only one** copy of the notice of appeal at Docket 2038. Indeed, in his response to our show cause order, Appellant conceded he failed to file separate notices of appeal at each trial court docket. *See* Appellant's Response to January 2, 2020 Order to Show Cause at 1.

Moreover, the PCRA court's November 8, 2019, order denying relief did not misinform Appellant "that he could pursue appellate review by filing **a single** notice of appeal." *See Larkin*, 235 A.3d at 353 (emphasis added). Rather, the order stated: "The Petitioner is notified that he has **thirty (30) days** from the date of the entry of this order on the docket **to appeal to** the Pennsylvania Superior Court." Order, 11/8/19 (some emphasis added). Thus, Appellant is not entitled to relief under *J. Johnson*, *R. Johnson*, or *Larkin*.

In his response to the show cause order, Appellant insists that on December 8, 2019 — still within the 30-day appeal period — he filed three corrected notices of appeal, one at each docket. However, none of the certified records on appeal include an amended notice of appeal, nor are these purported amended notices listed on any of the trial court dockets.[10] Therefore, Appellant has failed to establish he properly filed separate notices

---

[10] Indeed, in its January 8, 2020, opinion, the PCRA court stated that Appellant "failed to comply with the dictates of . . . *Walker*." PCRA Ct. Op. at 1. The court **did not** indicate Appellant had filed corrected or amended notices of appeal **after** November 25th.

- 9 -

of appeal at each trial court docket pursuant to **Walker**.  Accordingly, we are constrained to quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/24/2021