J-S36019-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DOMINICK BOOKER | : | |
| | : | |
| Appellant | : | No. 1068 EDA 2020 |

Appeal from the PCRA Order Entered March 5, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002555-2014

BEFORE:   LAZARUS, J., KING, J., and COLINS, J.[*]

JUDGMENT ORDER BY KING, J.:                    **FILED DECEMBER 10, 2021**

Appellant, Dominick Booker, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows.  On March 8, 2016, a jury convicted Appellant of conspiracy, aggravated assault, and other offenses.  The court sentenced him on July 15, 2016, to an aggregate 16 to 50 years' imprisonment.  That day, Appellant filed a motion for new trial, based on after-discovered evidence.  In it, Appellant alleged that Appellant's co-conspirator Mr. Warren, who had testified against Appellant at

_____

[*] Retired Senior Judge assigned to the Superior Court.

trial, might have been given a plea deal in exchange for his testimony. Based on how the claim was presented in the motion, the trial court denied relief on January 23, 2018, finding that the proposed new evidence would have been used solely for impeachment purposes. This Court affirmed the sentence on July 23, 2018, and our Supreme Court denied allowance of appeal on January 28, 2019. *See Commonwealth v. Booker*, 194 A.3d 699 (Pa.Super. 2018) (unpublished), *appeal denied*, 650 Pa. 632, 201 A.3d 148 (2019).

On August 6, 2019, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel on August 21, 2019, who subsequently filed a motion to withdraw and a no-merit letter per *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On January 16, 2020, the court issued notice per Pa.R.Crim.P. 907. Appellant filed a *pro se* response on January 26, 2020, alleging PCRA counsel's ineffectiveness for failing to communicate with Appellant about the claims he wanted to raise. On March 5, 2020, the court granted counsel's motion to withdraw and denied PCRA relief. Appellant timely filed a *pro se* appeal[1] on March 14, 2020.[2] On April 30, 2021, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement; Appellant complied.

---

[1] Appellant has now retained private counsel for this appeal.

[2] The notice of appeal is dated March 14, 2020, so we give Appellant the benefit of the prisoner mailbox rule. *See Commonwealth v. DiClaudio*, 210 A.3d 1070 (Pa.Super. 2019) (prisoner mailbox rule deems *pro se* prisoner's document as filed on date he delivers it to prison authorities for mailing).

On appeal, Appellant raises two issues: (1) PCRA counsel was ineffective for failing to communicate with him about the claims he wanted to raise in his PCRA petition and failing to identify any meritorious claims on Appellant's behalf; and (2) trial counsel was ineffective for failing to articulate in the motion for new trial that there was an undisclosed plea agreement between the Commonwealth and Mr. Warren in exchange for Mr. Warren's testimony.

Preliminarily, we note that the Commonwealth indicates that during the pendency of this appeal, it discovered an internal sentencing memo related to Mr. Warren dated July 3, 2015. The memo, attached as Exhibit A to the Commonwealth's brief, states: "There are no negotiations as to what [Warren] will get but the mandatory second-strike sentence is off the table." The Commonwealth explains that Mr. Warren testified against Appellant at trial and denied the receipt of any promises in exchange for his testimony. Notably, Mr. Warren received a sentence of 11½ to 23 months' imprisonment, plus 10 years' probation, for his role in the crimes at issue; Mr. Warren would have been subject to a 10-year mandatory minimum sentence as a second-strike offender had the Commonwealth pursued the mandatory minimum. The Commonwealth maintains that it does not believe the sentencing memo was ever disclosed to Appellant. Accordingly, the Commonwealth concedes that remand is appropriate to discern whether the Commonwealth reached an agreement with Mr. Warren to waive his second-strike status, whether the memo was ever disclosed to trial counsel, and whether the memo was material

and its absence prejudiced Appellant. (**See** Commonwealth's Brief at 6-8).

Based on the Commonwealth's representations, we agree remand is proper. ***See generally Commonwealth v. Dennis***, 597 Pa. 159, 199-200, 950 A.2d 945, 969 (2008) (holding remand was warranted for PCRA court to review in first instance appellant's claims that Commonwealth suppressed material evidence in violation of ***Brady***[3]). Therefore, we vacate the order denying PCRA relief and remand for further proceedings.

Order vacated. Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2021

---

[3] ***Brady v. Maryland***, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) (holding that suppression by prosecution of evidence favorable to accused violates due process where evidence is material either to guilt or punishment).