J-S17009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK A. CLARK | : | |
| | : | |
| Appellant | : | No. 2002 EDA 2021 |

Appeal from the PCRA Order Entered August 18, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003082-2017,
CP-15-CR-0003083-2017

BEFORE: BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY BOWES, J.: **FILED AUGUST 9, 2022**

Mark A. Clark appeals from the order that dismissed his second petition filed pursuant to the Post Conviction Relief Act ("PCRA") at both of the above docket numbers. We remand for Appellant to file corrected notices of appeal.

Appellant entered negotiated guilty pleas in the above-captioned cases and was sentenced in accordance with the plea agreement on September 6, 2018. He filed no direct appeal. The denial of his first, timely PCRA petition was affirmed by this Court on December 23, 2020. *See Commonwealth v. Clark*, 245 A.3d 1098 (Pa.Super. 2020) (non-precedential decision).

The *pro se* PCRA petition that is the subject of the instant appeal was docketed on May 13, 2021, in both of the above-captioned cases. The PCRA court dismissed Appellant's petition by order of August 18, 2021, following the issuance of notice of its intent to dismiss the petition without a hearing

pursuant to Pa.R.Crim.P. 907. Appellant filed a single *pro se* notice of appeal from that order, listing both of the implicated docket numbers. The notice of appeal was dated September 14, 2021, but docketed on September 22, 2021.

On November 11, 2021, counsel entered an appearance in this Court on behalf of Appellant. This Court issued a rule to show cause why, *inter alia*, the appeal should not be quashed as untimely and because Appellant violated **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), by failing to file separate notices of appeal at each docket number included on the PCRA court's order. Counsel filed a response indicating, in pertinent part, that Appellant was unable to file the notice of appeal earlier since he had been in restrictive confinement and, because Appellant, proceeding *pro se* at the time, believed that consolidation of the appeal from the denial of his first PCRA petition rendered a single notice of appeal legally sufficient. **See** Response to Rule to Show Cause, 12/2/21, at unnumbered 2. This Court discharged the rule and referred the issues to the panel assigned to adjudicate the merits of the appeal.

Before we may address the substance of this matter, we must determine whether quashal is necessary or appropriate. We begin by assessing the timeliness of the appeal. Appellant's notice of appeal had to be filed within thirty days of the entry of the PCRA court's order. **See** Pa.R.A.P. 903(a). The order was docketed on August 18, 2021, with the thirtieth day thereafter being Friday, September 17, 2021. With Appellant's notice of appeal docketed on

September 22, 2021, it is therefore facially untimely. However, we discern two bases to refrain from quashal in this case.

First, "it has long been the law of this Commonwealth that the failure to file a timely appeal as a result of a breakdown in the court system is an exception to that general rule" that appeals must be filed within thirty days. ***Commonwealth v. Stansbury***, 219 A.3d 157, 160 (Pa.Super. 2019). Here, the docket indicates that the order dismissing Appellant's PCRA petition was served upon Appellant by first-class mail, not "by certified mail, return receipt requested," as is required by Pa.R.Crim.P. 907(4). We have held that such non-compliance with Rule 907(4) amounts to a breakdown. ***See Commonwealth v. Romagnolo***, 222 A.3d 876, 2019 WL 5549306, at *1 n.1 (Pa.Super. 2019) (non-precedential decision) (holding that the trial court's failure to send the dismissal order by certified mail in accordance with Rule 907(4) constituted a breakdown excusing the untimely filing of the appeal).

Second, pursuant to the prisoner mailbox rule, "a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***Commonwealth v. DiClaudio***, 210 A.3d 1070, 1074 (Pa.Super. 2019). The certified record contains no postmark or other definitive indication of when Appellant placed his notice of appeal in the hands of prison authorities. However, it is dated September 14, 2021, and was both received and docketed by the clerk of courts a mere six days later, suggesting that the notice was timely provided to authorities for mailing. ***See Commonwealth***

***v. Patterson***, 931 A.2d 710, 714 (Pa.Super. 2007) (declining to quash appeal as untimely where the timing of the receipt of a notice of appeal, with an intervening weekend, rendered it likely that the appeal was timely filed pursuant to the prisoner mailbox rule); ***see also Romagnolo***, ***supra*** at *1 n.1 ("[W]e decline to quash the appeal as untimely, as it is likely that Appellant placed his notice of appeal in the hands of prison authorities on or before [the deadline].").

Having concluded that Appellant's notice of appeal is deemed timely, we proceed to address whether quashal is nonetheless required based upon our Supreme Court's decision in ***Walker***. In that case, our Supreme Court ruled that the Pennsylvania Rules of Appellate Procedure "require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed." ***Walker***, ***supra*** at 977. It further instructed that "[t]he failure to do so will result in quashal of the appeal." ***Id***. However, in ***Commonwealth v. Young***, 265 A.3d 462 (Pa. 2021), the Court opted to "largely blunt the bright-line rule the ***Walker*** Court sought to impose," namely requiring automatic quashal when a single notice of appeal is filed. ***Young***, ***supra*** at 477. Specifically, the ***Young*** Court held that, when a timely notice of appeal is filed at only one docket number, Pa.R.A.P. 902 permits the correction of the error. ***Id***. at 477-78. See also Pa.R.A.P. 902 ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as

the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.").

Accordingly, although Appellant failed to comply with **Walker**, we need not quash this appeal at this time. Instead, we remand for Appellant to file separate notices of appeal at each of the docket numbers implicated by the PCRA court's August 18, 2021 order within fourteen days of the date of this memorandum. Appellant's failure to do so will result in quashal of the appeal. Upon the trial court's certifications that the notices have been duly filed as part of supplemental records, we shall proceed to address the merits of the appeals.

Case remanded with instructions. Panel jurisdiction retained.