J-S17009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK A. CLARK | : | |
| | : | |
| Appellant | : | No. 2002 EDA 2021 |

Appeal from the PCRA Order Entered August 18, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0003082-2017,
CP-15-CR-0003083-2017

BEFORE:  BOWES, J., LAZARUS, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                **FILED SEPTEMBER 08, 2022**

Mark A. Clark appeals from the order that dismissed his second petition filed pursuant to the Post Conviction Relief Act ("PCRA") at both of the above docket numbers.  We affirm.

The pertinent case history is as follows.  Appellant entered negotiated guilty pleas in the two above-captioned cases and was sentenced in accordance with the plea agreement on September 6, 2018.  Appellant filed no direct appeal, but submitted a timely *pro se* PCRA petition raising numerous claims of ineffective assistance of plea counsel.  Two of the claims related to counsel's failure to move to suppress certain GPS data, which Appellant asserted was illegally obtained and did not implicate Appellant.  Counsel was appointed, who thereafter filed a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550

A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court, agreeing that the petition lacked merit, dismissed it and permitted counsel to withdraw. On Appellant's subsequent *pro se* appeal, this Court affirmed, and our Supreme Court declined to grant permissive review. **See Commonwealth v. Clark**, 245 A.3d 1098 (Pa.Super. 2020) (non-precedential decision), *appeal denied*, 260 A.3d 924 (Pa. 2021).

On May 13, 2021, while Appellant's petitions for allowance of appeal remained pending in our Supreme Court, he filed the *pro se* PCRA petition that is the subject of the instant appeal. Therein, Appellant raised claims of after-discovered evidence that was allegedly suppressed by the prosecution. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, indicating that the petition must be dismissed because it was filed while his first PCRA petition was still pending on appeal. The court ultimately dismissed the petition by order of August 18, 2021.

Appellant filed a single *pro se* notice of appeal from that order, listing both of the implicated docket numbers. In our memorandum of August 9, 2022, we concluded that Appellant's appeal was timely, but was defective pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Accordingly, we remanded pursuant to **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021), for Appellant to file separate notices of appeal at each of the docket numbers implicated by the PCRA court's August 18, 2021 order.

- 2 -

Appellant timely complied, and we therefore may proceed to examine the substance of the appeal.

Appellant presents the following question for our review:

Whether the PCRA court violated paragraph (1) of Pa.R.Crim.P. 907 by summarily dismissing [the] petition without [an] evidentiary hearing, in light of the disparity alleged in [Appellant]'s PCRA petition between information on [his] Global Positioning System monitoring ankle bracelet and the affidavits of probable cause attached to the criminal complaints presented a genuine issue of material fact as to his whereabouts during the commission of the underlying crimes such that, if proven, would provide relief to the petitioner.

Appellant's brief at 4.

We begin with the pertinent law. "Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." *Commonwealth v. Washington*, 269 A.3d 1255, 1262 (Pa.Super. 2022) (cleaned up).

Our Supreme Court has held that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000), *overruled on other grounds by Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020). *See also Commonwealth v. Bradley*, 261 A.3d 381, 391 (Pa. 2021)

(indicating, after **Small**, that **Lark** precludes the filing of a new petition while a prior petition remained pending on appeal).

Appellant's first PCRA petition remained pending until our Supreme Court denied Appellant's petitions for allowance of appeal on August 16, 2021. **See Commonwealth v. Clark**, 260 A.3d 924 (Pa. 2021). The instant petition was filed, at the latest, on May 13, 2021.[1] Consequently, the PCRA court properly concluded that it lacked jurisdiction to adjudicate the merits of the instant petition.

Appellant argues that, because the appeal involving his first PCRA petition is no longer pending, we should, for the sake of judicial economy, decline to affirm the dismissal. **See** Response to Rule to Show Cause, 12/2/21, at unnumbered 3. As Appellant has proffered no authority to support our overlooking a jurisdictional defect for the sake of judicial economy, we reject his request to do so.[2]

_____

[1] The PCRA petition was docketed on May 13, 2021. However, pursuant to the prisoner mailbox rule, the petition is deemed to be filed upon the date Appellant gave it to prison authorities for mailing. **See**, **e.g.**, **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa.Super. 2019). That date is not discernable from the certified record, but certainly was during the pendency of Appellant's first PCRA petition.

[2] In the alternative, Appellant requests that our ruling be made without prejudice to his filing another PCRA petition. **See** Response to Rule to Show Cause, 12/2/21, at unnumbered 3. Our ruling herein has no impact upon Appellant's right to file a serial PCRA petition. However, we observe that Appellant is not absolved from the requirement, applicable to all PCRA petitions, that he establish that the untimeliness of the petition is not an impediment to the PCRA court's jurisdiction. **See** 42 Pa.C.S. § 9545(b).

In conclusion, Appellant has failed to establish that the PCRA court erred and that relief from this Court is due. Accordingly, we affirm the order in dismissing Appellant's second PCRA petition.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2022