OPINION BY STRASSBURGER, J.:
Douglas Matthew DiClaudio (Appellant) appeals from the judgment of sentence of 12 to 36 months of incarceration entered after Appellant pleaded guilty to retail theft. We affirm.
We provide the following background. Appellant was charged with retail theft, criminal trespass, and driving while operating privileges were suspended. On June 5, 2018, Appellant pleaded guilty to retail theft for stealing game controllers[1] and videogames from WalMart, in exchange for the Commonwealth's nolle pros of the remaining charges and recommendation that the sentence imposed be set to run concurrently with any sentence Appellant was already serving. On July 23, 2018, the trial court accepted the Commonwealth's recommendation and sentenced Appellant to a term of 12 to 36 months of incarceration, concurrent with any sentence Appellant was then serving.
Appellant timely filed a counseled post-sentence motion, claiming that the sentence imposed was "manifestly excessive, because it [wa]s not specifically tailored to the nature of the offense[.]" Motion to Modify Sentence, 7/30/2018, at 1 (unnumbered). The trial court denied the motion that same day.[2]
On August 6, 2018, Appellant pro se filed a notice of appeal. The notice of appeal was docketed in the trial court and forwarded to counsel of record. Thereafter, the trial court, inter alia, appointed new counsel to represent Appellant on appeal.
*1074 Order, 8/30/2018.[3] Counsel subsequently filed a notice of appeal on September 10, 2018.
Preliminarily, we must determine whether Appellant's notice of appeal was timely filed. See Commonwealth v. Demora , 149 A.3d 330, 331 (Pa. Super. 2016) ("We may raise the issue of jurisdiction sua sponte."). Counsel's September 10, 2018 notice of appeal, which was the only notice of appeal forwarded to this Court, was untimely filed. See Pa.R.Crim.P. 720(2)(a) (requiring that a notice of appeal be filed within 30 days of the entry of the order deciding a timely-filed post-sentence motion). However, our inquiry does not end there.
As noted supra, prior to counsel's notice of appeal, Appellant pro se filed a notice of appeal. "[T]he prisoner mailbox rule provides that a pro se prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." Commonwealth v. Chambers , 35 A.3d 34, 38 (Pa. Super. 2011). The certified record does not indicate when Appellant delivered the document to prison authorities for mailing, but the envelope is postmarked August 6, 2018, and we therefore use that date as the filing date. See Commonwealth v. Jones , 549 Pa. 58, 700 A.2d 423, 426 n.3 (1997) (noting that because the Commonwealth does not challenge the timeliness of the appeal, and this Court could verify that the notice of appeal reached the United States Post Office by, at the latest, the date of the postmark, no remand is necessary for an evidentiary hearing on the timeliness issue). Thus, Appellant's pro se notice of appeal was timely filed, and should have been docketed and forwarded to this Court despite Appellant's being represented by counsel. See Commonwealth v. Williams , 151 A.3d 621, 624 (Pa. Super. 2016) ; Pa.R.A.P. 902. Because the timely-filed pro se notice of appeal was docketed in the trial court but not forwarded to this Court in violation of Pa.R.A.P. 902, "[w]e deem this a breakdown in the operation of the courts" and therefore accept counsel's untimely-filed notice of appeal as if timely-filed.[4] Williams , 151 A.3d at 624.
On appeal, Appellant argues that the sentence imposed "was manifestly excessive in length, and was not specifically tailored to the nature of the offense, the ends of justice and society, and the rehabilitative needs of [ ] Appellant[.]" Appellant's Brief at 4 (unnecessary capitalization omitted).
Appellant challenges the discretionary aspects of his sentence.[5] Thus, we consider his issue mindful of the following.
Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on *1075 appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
* * *
When imposing [a] sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.
Commonwealth v. Antidormi , 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).
An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
(1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903 ; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720 ; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f) ; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).
Commonwealth v. Samuel , 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).
Appellant has satisfied the first three requirements: he timely filed a notice of appeal, preserved the issue in a post-sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. Therefore, we now consider whether Appellant has raised a substantial question for our review.
The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Paul , 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Commonwealth v. Griffin , 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted).
In his Pa.R.A.P. 2119(f) statement, Appellant contends that a substantial question exists "concerning whether the trial court abused its discretion when the trial court imposed a sentence that was manifestly excessive in length, and was not specifically tailored to the nature of the offense, the ends of justice and society, and the rehabilitative needs of [ ] Appellant." Appellant's Brief at 8. Insofar as Appellant claims the sentence is disproportionate to the offense and the trial court failed to consider mitigating factors, Appellant has raised a substantial question. See Commonwealth v. Caldwell , 117 A.3d 763, 770 (Pa. Super. 2015) (en banc) (citation and quotation marks omitted) ("[A]n excessive sentence claim-in conjunction with an assertion that the court failed to consider mitigating factors-raises a substantial question."); Commonwealth v. Malovich , 903 A.2d 1247, 1253 (Pa. Super. 2006) ("[C]laims that a penalty is excessive *1076 and/or disproportionate to the offense can raise substantial questions."). Thus, we address the merits of Appellant's claim.
Instantly, Appellant contends the trial court failed to consider the mitigating factors presented by Appellant at his sentencing hearing, including that he took responsibility for his actions, had made positive steps towards rehabilitation, and suffers from mental health issues and drug addiction. Appellant's Brief at 11-13. Appellant concludes that his standard-range sentence is excessive because "[t]he [t]rial [c]ourt made no effort to tailor a sentence that would rehabilitate Appellant, and assist Appellant[ ] in becoming a productive member of society, and being a support to Appellant's wife and children." Id. at 14.
We review Appellant's claim mindful of the following.
The sentencing court is given broad discretion in determining whether a sentence is manifestly excessive because the sentencing judge is in the best position to measure factors such as the nature of the crime, the defendant's character and the defendant's display of remorse, defiance, or indifference. In order to find that a trial court imposed an unreasonable sentence, we must determine that the sentencing court imposed the sentence irrationally and that the court was not guided by sound judgment.
The sentencing code offers general guidelines with respect to the imposition of a particular sentence. Reasonableness of the sentence imposed by the trial court is based on:
(1) The nature and circumstances of the offense and the history and characteristics of the defendant.
(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
(3) The findings upon which the sentence was based.
(4) The guidelines promulgated by the commission.
42 Pa.C.S.[ ] § 9781(d). The sentencing code guidelines also require the sentence to be consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.
Commonwealth v. Riggs , 63 A.3d 780, 786 (Pa. Super. 2012) (internal quotation marks and some citations omitted).
Prior to imposing Appellant's sentence, the trial court considered the impact on the victim and community, the need to protect the community, Appellant's rehabilitative needs, and Appellant's prior record and previous failures to avail himself of rehabilitation via probation and parole. N.T., 7/23/2018, at 13-14. In addition, the trial court explained in its Pa.R.A.P. 1925(a) opinion its reasoning for imposing Appellant's sentence.
At sentencing the court found Appellant's offense gravity score to be three and a prior record score of five, yielding a standard range of six to sixteen months. Both counsel for the Commonwealth and counsel for Appellant were in agreement. Appellant's sentence clearly falls within the standard range.
The court additionally considered the impact on the life of the victim and the community, the protection of the public and rehabilitative needs of Appellant. The court confirmed with Appellant that he had two juvenile arrests, two adjudications, seventeen adult[ ] arrests, thirteen convictions, that he had been paroled fourteen times, that his parole had been revoked eight times, that he had been on probation ten times and had been revoked five times. The court also *1077 took into consideration Appellant's family, education, and work history. The court further considered the impact on the victim, stating that though the victim is a corporation, impact on a business can have an effect on the employees and customers. The court further considered the impact on the community, emphasizing that theft from a business can have an effect on the jobs of employees and the community in turn pays for that loss. The court additionally stressed the need to consider Appellant's rehabilitative needs in addition to protecting the community as Appellant had violated his probation and parole multiple times.
Trial Court Opinion, 11/9/2018, at 3-4 (unnumbered) (unnecessary capitalization, record citations, and parenthetical numbers omitted; party designations altered).
Moreover, the trial court had the benefit of Appellant's pre-sentence investigation (PSI) report at the time of sentencing. N.T., 7/23/2018, at 6, 11. "[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." Commonwealth v. Finnecy , 135 A.3d 1028, 1038 (Pa. Super. 2016). Thus, we conclude that Appellant has failed to demonstrate that "the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision" in imposing Appellant's standard-range sentence. Commonwealth v. Johnson , 125 A.3d 822, 826 (Pa. Super. 2015) (quoting Commonwealth v. Disalvo , 70 A.3d 900, 903 (Pa. Super. 2013) ).
Judgment of sentence affirmed.

Game controllers are devices that are connected to gaming systems, via wire or wirelessly, to provide input to a video game and allow an individual to play a game through that gaming system. Examples of game controllers include keyboards, mouses, gamepads, joysticks, and steering wheels. Here, the affidavit of probable cause indicates Appellant stole two game controllers for an XBOX gaming system.

Additionally, while represented by counsel, Appellant pro se filed a supplemental post-sentence motion, which the trial court ultimately denied on August 7, 2018. This was error, as Appellant's pro se post-sentence motion, filed while represented by counsel, "was a nullity, having no legal effect." Commonwealth v. Nischan , 928 A.2d 349, 355 (Pa. Super. 2007) (citation omitted).

In the interim, Appellant had also filed a pro se petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541 -9546, alleging in part ineffective assistance of trial counsel. Appellant subsequently sought to vacate that petition. The trial court stayed the pending PCRA petition until the conclusion of Appellant's direct appeal in its August 30, 2018 order. This was error. Because the judgment of sentence was not final, i.e., a direct appeal from the judgment of sentence was pending before this Court, the trial court should have dismissed Appellant's first PCRA petition as prematurely filed. 42 Pa.C.S. § 9545(b) (requiring filing of petition within one year of the judgment of sentence becoming final, which occurs at the conclusion of direct review).

Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Because Appellant entered an open guilty plea as to the sentence imposed, he is not precluded from appealing the discretionary aspects of his sentence. See Commonwealth v. Tirado , 870 A.2d 362, 365 n.5 (Pa. Super. 2005).