J-S31024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES HUBERT | : | |
| | : | |
| Appellant | : | No. 178 EDA 2021 |

Appeal from the PCRA Order Entered December 1, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0014205-2012

BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                          **FILED MARCH 4, 2022**

Appellant, James Hubert, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his "Post Conviction Relief Act Petition To Bar The Applicability Of Sex Offender Registration And/Or Petition For Writ Of *Habeas Corpus*."  We affirm.

The relevant facts and procedural history of this case are as follows.  On February 12, 2013, Appellant entered a negotiated guilty plea to rape by forcible compulsion and endangering the welfare of a child ("EWOC"), in connection with his sexual attack on a four-year-old victim on April 12, 2012. The court sentenced Appellant on June 4, 2013, in accordance with the plea deal, and imposed a term of 8 to 16 years' imprisonment plus four years'

_____

[*] Retired Senior Judge assigned to the Superior Court.

probation for the rape conviction. The court imposed no further penalty for the EWOC conviction. The court did **not** designate Appellant as a sexually violent predator ("SVP"). Appellant did not seek direct review from his judgment of sentence.

During 2015-2016, Appellant unsuccessfully litigated a first petition pursuant to the Post Conviction Relief Act ("PCRA").[1] On September 20, 2017, Appellant filed the current *pro se* prayer for relief. The court appointed counsel, who filed an amended petition on Appellant's behalf on July 9, 2018. In it, Appellant challenged the constitutionality of his registration and reporting requirements under the Sex Offender Registration and Notification Act ("SORNA"). On December 1, 2020, the court denied relief. Appellant timely appealed.[2] On January 7, 2021, the court ordered Appellant to file a

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] Appellant submitted a *pro se* notice of appeal dated December 21, 2020, and postmarked December 28, 2020. Pursuant to the prisoner mailbox rule, Appellant's filing was timely. **See Commonwealth v. DiClaudio**, 210 A.3d 1070 (Pa.Super. 2019) (explaining that prisoner mailbox rule provides that *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing). Although Appellant was still represented when he filed the *pro se* notice of appeal, the rule against hybrid representation does not render Appellant's *pro se* timely notice of appeal a legal nullity. **See Commonwealth v. Williams**, 151 A.3d 621 (Pa.Super. 2016) (explaining that because notice of appeal protects constitutional right, it is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating motion, petition, or brief; holding that this Court is required to docket *pro se* notice of appeal despite appellant being represented by counsel). Following the filing of Appellant's *pro se* notice of appeal, counsel filed a petition to withdraw, which the court granted on February 8, 2021. The
*(Footnote Continued Next Page)*

concise statement of errors complained of on appeal pursuant to Pa.R.A.P.

1925(b).  Following the grant of an extension of time, Appellant complied.

Appellant raises one issue for our review:

> Did the PCRA court err in dismissing Appellant's PCRA petition without a hearing because Appellant's PCRA petition was timely filed and because Appellant's lifetime reporting mandate is illegal and violative of state and federal *ex post facto* Constitutional provisions because lifetime reporting is punitive and violative of even the revised SORNA statute because Appellant has not been convicted of two or more ten-year reporting crimes and because there was no SVP determination at sentencing and life reporting violates the terms of Appellant's negotiated plea?

(Appellant's Brief at 4).

Appellant argues that he was not subject to lifetime reporting requirements at the time he entered his guilty plea.  Consequently, Appellant asserts that requiring him to register for life as a sex offender violates *ex post facto* principles.  Appellant claims that requiring him to register for life also violates due process concerns because it creates an irrebuttable presumption of dangerousness.  Appellant further insists that application of the lifetime reporting requirements renders his plea non-voluntary.  Appellant concludes his registration and reporting requirements are unconstitutional, and this Court must remand for resentencing or vacate the lifetime reporting provision. We disagree.

---

court appointed new counsel to represent Appellant for this appeal on February 22, 2021.

Our review of this case implicates the following legal principles:

> When an appellant challenges the constitutionality of a statute, the appellant presents this Court with a question of law. Our consideration of questions of law is plenary. A statute is presumed to be constitutional and will not be declared unconstitutional unless it clearly, palpably, and plainly violates the constitution. Thus, the party challenging the constitutionality of a statute has a heavy burden of persuasion.

*Commonwealth v. Howe*, 842 A.2d 436, 441 (Pa.Super. 2004) (internal citations omitted).

In *Commonwealth v. Muniz*, 640 Pa. 699, 164 A.3d 1189 (2017) (plurality), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018), our Supreme Court held that the registration provisions of SORNA I were punitive, such that application of those provisions to offenders who committed their crimes prior to SORNA I's effective date violated *ex post facto* principles. Following *Muniz* and *Commonwealth v. Butler*, 173 A.3d 1212 (Pa.Super. 2017) ("*Butler I*"), *rev'd*, ___ Pa. ___, 226 A.3d 972 (2020) ("*Butler II*"),[3]

---

[3] In *Butler I*, this Court held that the provision of SORNA I requiring a court to designate a defendant a SVP by clear and convincing evidence violates the federal and state constitutions because it increases a defendant's criminal penalty without the fact-finder making necessary factual findings beyond a reasonable doubt. *See Butler I, supra*. However, the Pennsylvania Supreme Court reversed *Butler I*. *See Butler II, supra* (holding SVPs are different from non-SVP SORNA registrants at issue in *Muniz* due to heightened public safety concerns based on determination that SVPs have mental abnormality or personality disorder that makes individual likely to engage in predatory sexually violent offenses; procedure for designating individuals as SVPs is not subject to requirements of *Apprendi* and *Alleyne* and remains constitutionally permissible). *See also Apprendi v. New Jersey*, 530 U.S.
*(Footnote Continued Next Page)*

- 4 -

the Pennsylvania General Assembly enacted legislation to amend SORNA I. *See* Act of Feb. 21, 2018, P.L. 27, No. 10 ("Act 10"). Act 10 amended several provisions of SORNA I and added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75. In addition, the Governor of Pennsylvania signed new legislation striking the Act 10 amendments and reenacting several SORNA I provisions, effective June 12, 2018. *See* Act of June 12, 2018, P.L. 1952, No. 29 ("Act 29"). Through Act 10, as amended in Act 29 (collectively, "SORNA II"), the General Assembly split SORNA I's former Subchapter H into a Revised Subchapter H and Subchapter I.

Subchapter I addresses sexual offenders who committed an offense on or after April 22, 1996, but before December 20, 2012; or those who were required to register under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired. *See* 42 Pa.C.S.A. § 9799.52. Subchapter I contains less stringent reporting requirements than Revised Subchapter H, which applies to offenders who committed an offense on or after December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.10-9799.42.

---

466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that any facts, other than fact of prior conviction, that subject defendant to additional penalty beyond statutory maximum must be submitted to jury and proven beyond reasonable doubt) and *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding that any fact that increases mandatory minimum sentence for crime is fact that must be submitted to jury and found beyond reasonable doubt).

In ***Commonwealth v. Lacombe***, \_\_\_ Pa. \_\_\_, 234 A.3d 602 (2020), our Supreme Court held that Subchapter I of SORNA II is nonpunitive and does not violate the constitutional prohibition against *ex post facto* laws. ***See id.*** at \_\_\_, 234 A.3d at 626-27. ***See also Commonwealth v. Elliott***, 249 A.3d 1190, 1194 (Pa.Super. 2021) (rejecting *ex post facto* challenge to lifetime registration for rape conviction where appellant was subject to Subchapter I reporting requirements).

Instantly, the court explained its rationale for denying Appellant relief as follows:

> Appellant's appeal is meritless. Subchapter I of SORNA (referred to as "SORNA II") applies to individuals "who were convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012, whose period of registration with the Pennsylvania State Police, as described in section 9799.55 (relating to registration), has not expired." ***See*** 42 Pa.C.S.A. § 9799.52(1). Persons convicted of rape are subject to lifetime reporting under Subchapter I. ***See*** 42 Pa.C.S.A. § 9799.55(b).
>
> Appellant raped the 4-year-old victim on April 12, 2012, and his registration period as described in section 9799.55 had not expired when Subchapter I was enacted. He therefore is subject to the lifetime registration/reporting requirements under Subchapter I.
>
> The Pennsylvania Supreme Court held that Subchapter I "is narrowly tailored to its nonpunitive purpose of protecting the public." The registration/reporting requirements are not punitive and *ex post facto* challenges thereto, as brought by Appellant, "necessarily fail." ***Lacombe***[***, supra*** at \_\_\_,] 234 A.3d [at] 626-627.[1]
>
> [1] The timeliness of Appellant's Petition is also controlled by ***Lacombe***. Although captioned as a PCRA, the relief Appellant sought was termination of

his registration requirements imposed under SORNA. He filed his Petition just 2 months after the Supreme Court's decision in *Muniz*. Under these circumstances, Appellant's Petition, which alternatively sought a "Writ of *Habeas Corpus*" compelling termination of his registration requirements, cannot be dismissed as untimely. *Lacombe*[*, supra* at ___], 234 A.3d [at] 617-618 ("Our approach in this regard takes into account the fact that frequent changes to sexual offender registration statutes, along with more onerous requirements and retroactive application, complicate registrants' ability to challenge new requirements imposed years after their sentences become final… Accordingly, we decline to find the PCRA, or any other procedural mechanism, is the exclusive method for challenging sexual offender registration statutes and we thus conclude the trial court had jurisdiction to consider Lacombe's "Petition to Terminate His Sexual Offender Registration Requirements.").

Lastly, Appellant's amended Petition stated: "In the alternative that the [c]ourt finds that Petitioner may be required to register as a Tier III sex offender pursuant to SORNA II, the [c]ourt should still order that Petitioner need not register as a [SVP]." Appellant's request was irrelevant. Following Appellant's guilty pleas on February 12, 2013, this [c]ourt held a hearing on June 4, 2013, and found Appellant was not [a] SVP. Accordingly, Appellant is **not** subject to the registration requirements of [a] SVP, but he **is** subject to the registration requirements of a Tier III sex offender under Subchapter I.

(Trial Court Opinion, filed June 22, 2021, at 3-4) (emphasis in original). We agree with the court's analysis.

As Appellant committed his sex offenses on April 12, 2012, he is subject to registration and reporting requirements under Subchapter I. *See* 42 Pa.C.S.A. § 9799.52. Subchapter I requires Appellant to report for life based on his rape conviction. *See* 42 Pa.C.S.A. § 9799.55(b)(2)(i)(A). Under

*Lacombe* and its progeny, Appellant's *ex post facto* challenge fails. *See Lacombe, supra*; *Elliott, supra*.

Regarding Appellant's claim of due process violations based on an unconstitutional irrebuttable presumption, we initially note that this claim is undeveloped on appeal. In his brief, Appellant merely states that in his amended petition he raised due process claims, and then Appellant cites to his amended petition at pages 3-5. (*See* Appellant's Brief at 10-11). Nevertheless, "'incorporation by reference' is an unacceptable manner of appellate advocacy for the proper presentation of a claim for relief[.]" *Commonwealth v. Briggs*, 608 Pa. 430, 515, 12 A.3d 291, 342 (2011), *cert. denied*, 565 U.S. 889, 132 S.Ct. 267, 181 L.Ed.2d 157 (2011). Appellant offers no additional discussion to support his due process argument in his appellate brief. (*See* Appellant's Brief at 10-11). Appellant's failure to properly develop his due process challenge on appeal renders this claim waived. *See Elliott, supra* (holding appellant waived due process claim for lack of development where he offered no meaningful discussion of how SORNA II's presumption that he poses high risk of recidivism violates his constitutional right to reputation, such that we should afford him relief he requests of vacating his lifetime registration requirement).[4]

_____

[4] Moreover, this Court has recently rejected a similar argument. *See Commonwealth v. Spears*, No. 2424 & 2439 EDA 2019 (Pa.Super. Apr. 14, 2021) (unpublished memorandum) (explaining that Subchapter I does not
*(Footnote Continued Next Page)*

Further, regarding Appellant's claim that application of the reporting requirements somehow renders his guilty plea non-voluntary, this claim is similarly waived for lack of development on appeal. (*See* Appellant's Brief at 11). *See also Commonwealth v. Hardy*, 918 A.2d 766 (Pa.Super. 2007), *appeal denied*, 596 Pa. 703, 940 A.2d 362 (2008) (explaining it is appellant's duty to present arguments that are sufficiently developed for our review; brief must support claims with pertinent discussion, with references to record and with citations to legal authorities; this Court will not act as counsel and will not develop arguments on behalf of appellant; when defects in brief impede our ability to conduct meaningful review, we may dismiss appeal entirely or deem certain issues waived).[5] Based upon the foregoing, Appellant is not

_____

signal dangerousness of any particular offender; it merely provides that adult sex offenders, as group, have high risk of recidivism; hearing on adult offender's individual dangerousness or likelihood to reoffend is irrelevant to universal truth of group as whole; therefore, irrebuttable presumption doctrine does not apply). *See also* Pa.R.A.P. 126(b) (explaining that this Court can rely on unpublished decisions of Superior Court filed after May 1, 2019 for persuasive value).

[5] Moreover, the record makes clear there was no agreement that Appellant would be free from reporting requirements as part of his plea deal. To the contrary, the record indicates that Appellant entered a negotiated guilty plea to rape and EWOC, in exchange for the Commonwealth dropping additional charges, and for a negotiated sentence of 8 to 16 years' imprisonment, plus four years' probation. The court imposed the negotiated sentence. As well, the written plea agreement expressly states that Appellant would be subject to sex offender probation and a Megan's Law assessment. In the absence of a specific condition of his plea agreement providing for an exception to registration requirements, Appellant did not have a right to evade registration requirements under his plea deal. *See Commonwealth v. Hainesworth*,
*(Footnote Continued Next Page)*

entitled to relief.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2022

---

82 A.3d 444, 448 (Pa.Super. 2013), *appeal denied*, 626 Pa. 683, 95 A.3d 276 (2014) (holding that dispositive question in plea enforcement cases concerning sex offender registration requirements is whether non-registration was term of defendant's plea agreement).  **See also Commonwealth v. Moose**, 245 A.3d 1121, 1133 (Pa.Super. 2021) (*en banc*), *appeal denied*, No. 53 MAL 2021 (Pa. Dec. 7, 2021) (stating: "[W]hen a registration scheme is **not punitive**, it constitutes a collateral consequence of a guilty plea.  Further, because non-punitive registration requirements are not criminal punishment, they would not materially alter a negotiated term establishing a petitioner's criminal sentence") (emphasis in original; internal citation omitted).