J-S16037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                  :            PENNSYLVANIA
                                  :
             v.                        :
                                  :
                                  :
ALFRED SOULIA                     :
                                  :
                Appellant         :        No. 1223 MDA 2021

Appeal from the Judgment of Sentence Entered August 18, 2021
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0002011-2020

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:            **FILED:  OCTOBER 3, 2022**

Appellant, Alfred Soulia, appeals from the judgment of sentence of 20 to 40 years' incarceration imposed after he pled guilty to rape of a child.  For the reasons set forth below, we affirm.

In October 2020, Appellant was charged with rape of a child and five other offenses for sexually assaulting his seven-year-old niece (Victim) while he was babysitting her.  Criminal Complaint.  On March 24, 2021, Appellant entered a plea of guilty to rape of a child for engaging in vaginal and anal sexual intercourse with Victim and the other charges were *nolle prossed*.  N.T. Guilty Plea at 3-9; Docket Entries at 4.  The offense of rape of a child, which is defined as engaging in sexual intercourse with a child under the age of 13,

_____

[*] Retired Senior Judge assigned to the Superior Court.

is punishable by up to 40 years' incarceration. 18 Pa.C.S. § 3121(c), (e)(1). For defendants with Appellant's prior record score, the sentencing guidelines for this offense provided standard range minimum sentences of 8 to 20 years for this offense. 204 Pa. Code §§ 303.15, 303.16(a); Guideline Sentence Form.

On August 18, 2021, the trial court sentenced Appellant to 20 to 40 years' incarceration. N.T. Sentencing at 7; Sentence Order. In addition, the trial court ordered Appellant to comply with lifetime registration pursuant to the Sexual Offender Registration and Notification Act (SORNA)[1] as a Tier III offender. N.T. Sentencing at 8; Sentence Order; Adam Walsh Child Safety and Protection Act Order. Appellant chose not to speak at his sentencing. N.T. Sentencing at 5. Appellant filed a motion for reconsideration of sentence on August 25, 2021. On August 26, 2021, the trial court denied the motion for reconsideration of sentence. This timely appeal followed.

Appellant presents only the following single issue for our review:

Whether the sentence imposed was harsh and excessive and an abuse of discretion since when imposing sentence, the sentencing judge gave as a reason the fact that the victim was a child which is already an elements [*sic*] of the offense and was already taken into consideration in the sentencing guidelines.

Appellant's Brief at 4.

---

[1] 42 Pa.C.S. § 9799.10, *et seq*.

This issue is a challenge to the discretionary aspects of Appellant's sentence. Challenges to the discretionary aspects of a sentence are not appealable as of right and may be considered only where the following requirements are satisfied: 1) the appellant has preserved the issue in the trial court at sentencing or in a motion for reconsideration of sentence; 2) the appellant has included in his brief a concise statement of the reasons relied on for his challenge to the discretionary aspects of his sentence in accordance with Pa.R.A.P. 2119(f), and 3) the challenge to the sentence raises a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*); *Commonwealth v. Radecki*, 180 A.3d 441, 467 (Pa. Super. 2018).

Appellant has satisfied these requirements. Appellant filed a timely motion for reconsideration of sentence in which he argued that the 20 to 40 year sentence was harsh and excessive and did not consider his individual circumstances. Petition for Reconsideration of Sentence ¶¶5-13. Appellant has also included a Pa.R.A.P. 2119(f) statement in his brief. Appellant's Brief at 9-10.

A substantial question exists where the appellant advances a colorable argument that the sentencing judge's actions were inconsistent with a specific provision of the Sentencing Code or were contrary to the fundamental norms of the sentencing process. *Commonwealth v. DiClaudio*, 210 A.3d 1070,

1075 (Pa. Super. 2019); **Commonwealth v. Antidormi**, 84 A.3d 736, 759 (Pa. Super. 2014). The argument that Appellant advances is that the trial court's imposition of a maximum sentence at the high end of the sentencing guideline range was excessive and unreasonable because the court based it on the fact that Victim was a child, which is an element of the crime and not a fact that distinguishes Appellant's conduct, and the court did not articulate adequate reasons for the severity of this sentence. This presents a substantial question. **Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (claim that sentence was excessive coupled with claim that trial court did not consider defendant's rehabilitative needs presents a substantial question); **Commonwealth v. Fowler**, 893 A.2d 758, 766 (Pa. Super. 2006) (claim that trial court failed to set forth adequate reasons for the sentence that it imposed raises a substantial question).

This issue, however, fails on the merits. Our standard of review on this challenge to Appellant's sentence is well-established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**DiClaudio**, 210 A.3d at 1074-75 (quoting **Antidormi**).

Contrary to Appellant's contentions, the trial court did not abuse its discretion in sentencing him to the statutory maximum of 20 to 40 years'

- 4 -

incarceration. Appellant's sentence, although it is the statutory maximum sentence, is within the standard range provided by the sentencing guidelines. 204 Pa. Code §§ 303.15, 303.16(a); Guideline Sentence Form. In addition, the record shows that the trial court had received and reviewed and considered a pre-sentence report before imposing that sentence. N.T. Sentencing at 6. Where the trial court has imposed a standard range sentence with the benefit of a pre-sentence report, adequate reasons for the sentence have been provided and this Court will not consider the sentence excessive or find an abuse of the trial court's sentencing discretion. *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011); *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010); *Fowler*, 893 A.2d at 766-67.

The trial court's reference to the heinousness of the acts that Appellant committed, N.T. Sentencing at 6, was not a duplicative consideration of an element of the offense for which he was sentenced. Appellant pled guilty to vaginally and anally raping a seven-year-old and admitted that he committed that conduct. N.T. Guilty Plea at 8-9. The offense of a rape of a child requires proof that the victim was under the age of 13, 18 Pa.C.S. § 3121(c), not that the victim was as young as seven. The heinousness of Appellant's acts was thus greater than that inherent in the crime of rape of a child and was a proper ground for imposing a sentence at the high end of the guideline standard range. *Commonwealth v. Walls*, 926 A.2d 957, 966 (Pa. 2007) (fact that victim was seven years old justified a higher sentence for rape of a child).

Because Appellant has not shown that the trial court abused its discretion in the sentence that it imposed, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/03/2022