J-S16040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES DWIGHT DIXON | : | |
| | : | |
| Appellant | : | No. 554 MDA 2021 |

Appeal from the Judgment of Sentence Entered April 9, 2021
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000642-2019

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: OCTOBER 3, 2022**

Appellant, Charles Dwight Dixon, appeals from the aggregate judgment of sentence of $9^1/_2$ to 20 years' incarceration, imposed after he pled guilty to homicide by vehicle while DUI, aggravated assault by vehicle while DUI, DUI-controlled substance, and the summary offense of disregarding traffic lanes.[1] For the reasons set forth below, we affirm.

On October 14, 2018, Appellant, a bus driver driving a passenger bus while he was impaired by cocaine, drove the bus off Interstate 380 in Lackawanna County, Pennsylvania and crashed it into trees, killing one of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3735(a) (in effect February 1, 2004 to December 23, 2018), 75 Pa.C.S. § 3735.1(a), 75 Pa.C.S. § 3802(d), and 75 Pa.C.S. § 3309(1), respectively.

passengers and seriously injuring three other passengers. N.T. Guilty Plea at 5-6; N.T. Preliminary Hearing at 18-20. On December 7, 2020, Appellant entered a plea of guilty to homicide by vehicle while DUI, aggravated assault by vehicle while DUI, DUI-controlled substance, and the summary offense of disregarding traffic lanes. N.T. Guilty Plea at 2-9. For defendants with Appellant's prior record score, the sentencing guidelines provided standard range minimum sentences of 42-54 months and an aggravated minimum sentence of 5 years for homicide by vehicle while DUI and standard range minimum sentences of 30-42 months and an aggravated minimum sentence of $4^1/_2$ years for aggravated assault by vehicle while DUI. 204 Pa. Code §§ 303.15, 303.16(a); Guideline Sentence Forms.

On March 8, 2021, the trial court sentenced Appellant to consecutive terms of 5 to 10 years' incarceration for homicide by vehicle while DUI, $4^1/_2$ to 10 years' incarceration for aggravated assault by vehicle while DUI, and 3 to 6 months for the DUI conviction, resulting in an aggregate sentence of 117 months to $20^1/_2$ years' incarceration, and imposed a fine for the summary offense conviction. N.T. Sentencing at 52-53; 3/8/21 Sentencing Order. At this sentencing hearing, Appellant admitted that he was addicted to drugs and had been unsuccessful in stopping using drugs prior to the accident, repeatedly expressed remorse for his actions, and testified that after the accident, he sought treatment for his addiction. N.T. Sentencing at 43-50.

Appellant also presented testimony of the Lackawanna County Prison chaplain concerning Appellant's remorse and positive behavior in prison. *Id.* at 32-35.

On March 17, 2021, Appellant filed a motion for reconsideration of sentence in which he sought to vacate the DUI sentence on the ground that the DUI conviction merged with the homicide by vehicle while DUI and aggravated assault by vehicle while DUI convictions and also sought reduction of the homicide by vehicle while DUI and aggravated assault by vehicle while DUI sentences on the ground that those sentences were harsh and excessive and failed to take into account mitigating factors, including Appellant's background, remorse and low likelihood of reoffending. Petition for Reconsideration of Sentence ¶¶3-5. On April 9, 2021, the trial court granted the motion for reconsideration with respect to the DUI sentence, denied the motion in all other respects, and issued a modified sentencing order that imposed consecutive terms of 5 to 10 years' incarceration for homicide by vehicle while DUI and $4^1/_2$ to 10 years' incarceration for aggravated assault by vehicle while DUI, an aggregate sentence of $9^1/_2$ to 20 years' incarceration, and no sentence for the DUI conviction on the ground that it merged with those other convictions. Trial Court Order, 4/9/21; 4/9/21 Modified Sentencing Order. This timely appeal followed.

Appellant presents the following single issue for our review:

Whether the aggravated sentence was inappropriately harsh, excessive, an abuse of discretion and contrary to the fundamental norms of the sentencing guidelines and failed to consider appellant's remorse for his actions, his positive history over th[e]

past ten years including his effort to address his addiction issues which indicates that he has a very low risk of reoffending, thus belying the sentencing court's emphasis on incapacitation.

Appellant's Brief at 4.

This issue is a challenge to the discretionary aspects of Appellant's sentence. Challenges to the discretionary aspects of a sentence are not appealable as of right and may be considered only where the following requirements are satisfied: 1) the appellant has preserved the issue in the trial court at sentencing or in a motion for reconsideration of sentence; 2) the appellant has included in his brief a concise statement of the reasons relied on for his challenge to the discretionary aspects of his sentence in accordance with Pa.R.A.P. 2119(f), and 3) the challenge to the sentence raises a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Akhmedov*, 216 A.3d 307, 328 (Pa. Super. 2019) (*en banc*); *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Appellant has satisfied these requirements. Appellant filed a timely motion for reconsideration of sentence in which he argued that his sentence was harsh and excessive because it was beyond the standard guideline range and failed to take mitigating factors into account. Petition for Reconsideration of Sentence ¶¶3(c)-(f), 4-5. Appellant has also included a Pa.R.A.P. 2119(f) statement in his brief. Appellant's Brief at 8-9.

A substantial question exists where the appellant advances a colorable argument that the sentencing judge's actions were inconsistent with a specific provision of the Sentencing Code or were contrary to the fundamental norms of the sentencing process. *Commonwealth v. DiClaudio*, 210 A.3d 1070, 1075 (Pa. Super. 2019); *Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014). The argument that Appellant advances is that the trial court's imposition of an aggravated range sentence was excessive and unreasonable because the court failed to consider mitigating factors and did not articulate adequate reasons for an aggravated sentence. This presents a substantial question. *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (claim that sentence was excessive coupled with claim that trial court did not consider defendant's rehabilitative needs presents a substantial question); *Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008) (claim that trial court failed to state adequate reasons for imposing an aggravated range sentence raises a substantial question).

This issue, however, fails on the merits. Our standard of review on this challenge to Appellant's sentence is well-established:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*DiClaudio*, 210 A.3d at 1074-75 (quoting *Antidormi*).

- 5 -

Contrary to Appellant's contentions, the trial court stated adequate reasons for imposing sentences for homicide by vehicle while DUI and aggravated assault by vehicle while DUI in the aggravated range of the sentencing guidelines. Imposition of an aggravated range sentence is justified where the trial court bases the sentence on a fact or facts about the defendant's crime warranting a more severe punishment that are not inherent in the offense of which he was convicted. **Commonwealth v. Clemat**, 218 A.3d 944, 960 (Pa. Super. 2019); **Commonwealth v. Fullin**, 892 A.2d 843, 848-49 (Pa. Super. 2006). Here, the trial court made clear that it based the aggravated range sentences that it imposed on the fact that Appellant did not merely drive a vehicle while impaired; rather, the vehicle that he chose to drive while impaired was a bus carrying 12 passengers whom he was responsible for safely transporting. N.T. Sentencing at 51-52. That very serious additional factor, not present in ordinary homicide by vehicle while DUI and aggravated assault by vehicle while DUI cases, was a ground on which the trial could properly conclude that aggravated range sentences were appropriate.

The trial court also did not fail to consider Appellant's mitigating factors. The trial court had the benefit of and reviewed a pre-sentence report and heard evidence of Appellant's background and remorse. N.T. Sentencing at 32-50; N.T. Hearing on Petition for Reconsideration of Sentence, 4/5/21, at 4-5; Trial Court Opinion at 3, 11, 16. The court specifically noted the

mitigating factors that Appellant argues, but concluded that the serious aggravating factor of his disregard of his responsibility as a bus driver, coupled with his mature age at the time of the accident and lengthy failure to make efforts to stop using cocaine before the accident, far outweighed the mitigating factors. N.T. Sentencing at 51-52; Trial Court Opinion at 15-16 & n.12. Where the trial court has considered the defendant's mitigating evidence and rehabilitation prospects, its failure to accord them the weight that the defendant desires does not constitute an abuse of the trial court's sentencing discretion. *Commonwealth v. Velez*, 273 A.3d 6, 12 (Pa. Super. 2022); *Commonwealth v. Raven*, 97 A.3d 1244, 1254-55 (Pa. Super. 2014).

Because Appellant has not shown that the trial court abused its discretion in the sentences that it imposed, we affirm the trial court's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/03/2022