J-A01010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                   :            PENNSYLVANIA
                                   :
            v.                         :
                                   :
                                   :
JAWON HURLEY JOHNSON         :
                                   :
          Appellant         :     No. 516 EDA 2022

Appeal from the Judgment of Sentence Entered December 21, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0000572-2020

BEFORE:  LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:          **FILED JULY 12, 2023**

Jawon Hurley Johnson (Appellant) appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas following his negotiated guilty plea to one count of aggravated assault (attempts to cause bodily injury with a deadly weapon).[1]  On appeal, he challenges the discretionary aspects of his sentence.  For the reasons below, we affirm.

We discern the relevant facts of the underlying offense from the guilty plea hearing and trial court opinion:

> On October 30[,] 2019, the Allentown Police Department responded to the 500 block of West Tilghman Street[ due to] multiple calls of shots fired[ into] 514 West Tilghman Street[. S]everal casings were located directly in front of that location, and several bullet holes were observed in the residence front, exterior.

---

[1] 18 Pa.C.S. § 2702(a)(4).

Inside the residence, [the police spoke with] Luis Ortiz[ (Victim)], who indicated that he [and another person in the home] heard a noise[,] and [went] towards the window to check on what the noise was. The noise was the cocking of a gun, and then shots rang out into the home[. Victim] indicated that he threw himself to the floor, and . . . was struck in the leg. He then tried to crawl through the house to try to get to a point of safety. Paramedics did arrive at the residence and transported him to the hospital for treatment.

The other individuals in the house included [two other adults, a child, and a newborn infant]. The police investigation demonstrated that there were cameras that had caught a male wearing a certain type of shoes as well as a red mask running through the area at the time of the shots. [Police] also located four spent 9mm Luger brass shell casings outside the residence, [all from the same manufacturer].

The police were then in contact with Trooper Furlong[2] of the Pennsylvania State Police, who had [as part of an ongoing investigation, recovered Snapchat videos sent by Appellant, which] seemed to show [Appellant] shooting into a residence. [The police] also interviewed two witnesses[.3]

Witness number one indicated that [Appellant] admitted to shooting into 514 West Tilghman Street, and that he did so because he wanted to scare the resident due to a dispute. . . .

N.T. Guilty Plea, 9/1/21, at 14-16; Trial Ct. Op., 3/29/22, at 1.

Trooper Furlong then showed the second witness a video obtained during his investigation. N.T. Guilty Plea at 16. The second witness identified Appellant as the person in the video because he was wearing the "same distinct sneakers." *See id.* at 15-16.

---

[2] Trooper Furlong's first name is not included in the record.

[3] The Commonwealth did not reveal the witnesses' names due to concerns of "threats and intimidation." N.T. Guilty Plea at 16.

Appellant was charged at the instant Criminal Docket CP-39-CR-0000572-2020 (Docket 572) with aggravated assault, recklessly endangering another person (REAP), and discharge of a firearm into an occupied structure.[4] On September 21, 2021, Appellant entered a guilty plea to one count of aggravated assault under Subsection (a)(4), graded as a second degree felony. There was no agreement as to sentencing.

At the same hearing, Appellant also entered guilty pleas at related Criminal Dockets CP-39-CR-0000570-2020 (Docket 570) and CP-39-CR-0000571-2022 (Docket 571), to two counts of receiving stolen property (RSP).[5] He also pleaded guilty to one count of summary harassment at unrelated Criminal Docket CP-39-CR-0003728-2018 (Docket 3728).[6]

On December 21, 2021, the trial court held a sentencing hearing, addressing each of the above dockets as well as Criminal Docket CP-39-CR-

---

[4] 18 Pa.C.S. §§ 2705, 2707.1(a). Appellant was initially charged with aggravated assault under 18 Pa.C.S. 2702(a)(1) (attempts to cause serious bodily injury). At the guilty plea hearing, the trial court granted the Commonwealth's unopposed oral motion to amend the information and instead charge Appellant under 18 Pa.C.S. § 2702(a)(4) (attempts to cause bodily injury with a deadly weapon). N.T. Guilty Plea at 3.

[5] 18 Pa.C.S. § 3925(a). The trial court initially severed, "upon agreement" of the parties, Docket 570 from the joint trial to be held for the instant docket (Docket 572) and Docket 571. Order, 8/10/20. However, Appellant ultimately pleaded guilty at all three dockets on the same day.

[6] 18 Pa.C.S. § 2709(a)(1).

0000984-2021 (Docket 984).[7]  The court noted the following regarding the instant docket, 572-2020: (1) the offense had an offense gravity score of eight and Appellant had a prior record score of zero; (2) the mitigated range sentence for aggravated assault was restorative sanctions to nine months' incarceration; (3) the standard range sentence was nine to 16 months' incarceration; and (4) the aggravated range sentence was 16 to 25 months' incarceration.  N.T. Sentencing 12/21/21, at 5.

After reviewing, *inter alia*, the pre-sentence investigation (PSI) report, "including all the attachments referring to [Appellant's] accomplishments in various programs since he's been in jail[,]" the trial court imposed sentences at the above-mentioned dockets.  N.T. Sentencing at 23.  First, at Docket 984, the court imposed a term of three to seven years' incarceration.  Then, at the instant docket, the court imposed a term of two to five years' incarceration — a sentence in the aggravated range — to run consecutive to the sentence at Docket 984.

Additionally, the trial court imposed the following sentences at the remaining dockets: (1) at Docket 571, a term of 12 to 24 months' incarceration to run consecutive to Docket 572; (2) at Docket 570, a period of two years' probation to "run concurrent[ly]" with Docket 571; and (3) at Docket 3728, no further penalty.  ***See*** N.T. Sentencing at 23-28; Criminal

---

[7] At Docket 984, Appellant pleaded guilty to one count of discharge of a firearm into an unoccupied structure.

Docket CP-39-CR-0003728-2018, at 4. Appellant's aggregate sentence amounted to six to 14 years' incarceration.

Appellant filed a *pro se* motion to withdraw his guilty plea, which the trial court denied on January 13, 2022.[8] Appellant also filed a timely motion, requesting, *inter alia*, to: (1) decrease his sentences at both Dockets 572 and 571; (2) run these new sentences concurrently; and thus (3) impose a new total aggregate term of 16 to 36 months' incarceration at these dockets.[9] **See** Appellant's Motion to Modify Sentence, 1/3/22, at 2 (unpaginated). Appellant argued this sentence would "better serve the interests of justice, address [his] rehabilitative needs[,] and provide for protection of the public[.]" **Id.** at 4. The court granted this motion in part on January 18th. It did not amend the sentence of two to five years' incarceration, but ordered it to run concurrently with the sentence at Docket 571. Order, 1/18/22. The trial court denied relief on his remaining claims. This reduced Appellant's overall aggregate sentence to five to 12 years' incarceration.

---

[8] Appellant dated this motion December 22, 2021 — the day after his guilty plea — but it was not filed with the trial court until January 4, 2022.

[9] Appellant's sentence was imposed on December 21, 2021. Appellant then had 10 days, or until Friday, December 31st, to file a post-sentence motion. Upon review of the Lehigh County Court's operation schedule, the courthouse was closed on this date. Therefore, Appellant's post-sentence motion was timely filed on the next operating business day, Monday, January 3, 2022. **See** 1 Pa.C.S. § 1908 (for computations of time, if the last day of any such period shall fall on a Saturday, Sunday, or on a legal holiday, that day shall be omitted from the computation).

On February 17, 2022, Appellant filed this timely appeal and complied with the trial court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).[10]

Appellant raises the following claim for our review:[11]

Whether the trial court abused its discretion in [imposing] a manifestly excessive and unreasonable sentence for the aggravated assault with a deadly weapon which was well in excess of the standard sentencing guidelines, when the court failed to consider any significant mitigating factors, failed to apply and review any of the necessary factors as set forth [in] 42 Pa.C.S.[ ] § 9721(b) and 42 Pa.C.S.[ ] § 9781(c) and (d) or otherwise failed to set forth appropriate reasons for its deviation?

Appellant's Brief at 4 (some capitalization omitted).[12]

_____

[10] Generally, a party has 30 days from the date of sentencing to file a notice of appeal. However, when an appellant files a timely post-sentence motion, this 30-day period is tolled until the court decides on the motion, the motion is denied by operation of law, or the withdrawal of the motion. Pa.R.Crim.P. 720 comment (a)(1). The appeal period then runs from entry of the order disposing of the motion. *Id.*

Here, Appellant filed a timely post-sentence motion, which the trial court granted in part on January 18, 2022. Thus, Appellant had 30 days, or until February 17th, to file a timely notice of appeal. As Appellant filed his notice of appeal on the thirtieth day, it is timely. Our review indicates Appellant has not filed notices of appeal at the remaining dockets.

[11] In his Rule 1925(b) statement, Appellant also claimed the trial court erred when it: (1) ran his sentences at Dockets 572 and 571 consecutive to each other; and (2) did not run his sentence at Docket 572 "concurrent with the other cases for which" the court sentenced him. *See* Appellant's Concise Statement of Matter Complained on Appeal, 3/10/22, at 1. He has abandoned these arguments on appeal.

[12] Appellant mislabels this section of his brief as the "Statement of Scope of Review and/or Standard of Review." Appellant's Brief at 4.

Appellant challenges the discretionary aspects of his sentence. It is well established that such a challenge does not entitle an appellant to "review as of right." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted). Rather,

> [b]efore this Court can address such a discretionary challenge, an appellant must comply with the following requirements:
>
>> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id***. (citation omitted).

Presently, Appellant has filed a timely notice of appeal and preserved his claim in a post-sentence motion. In addition, his brief includes the requisite concise statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). ***See*** Appellant's Brief at 8. Thus, we must determine whether he has raised a substantial question justifying our review.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

***Commonwealth v. Diclaudio***, 210 A.3d 1070, 1075 (Pa. Super. 2019) (citations & quotation marks omitted).

- 7 -

In his Rule 2119(f) statement, Appellant alleges the trial court: (1) imposed an excessive sentence "contrary to the fundamental norms" of the sentencing guidelines; (2) "failed to set forth legally or factually supported reasons" for a sentence in the aggravated range; and (3) failed to meaningfully review or consider "any mitigating factors" when fashioning his sentence. Appellant's Brief at 8. We conclude Appellant has raised a substantial question. *See Caldwell*, 117 A.3d at 770 ("[A]n excessive sentence claim — in conjunction with an assertion that the court failed to consider mitigating factors — raises a substantial question.") (citation omitted); *Commonwealth v. Whitmore*, 860 A.2d 1032, 1036 (Pa. Super. 2004) ("A claim that the sentencing court failed to state adequate reasons on the record for the sentence imposed presents a substantial question.") (citation omitted), *reversed on other grounds*, 912 A.2d 827 (Pa. 2006). Accordingly, we proceed to our review.

Preliminarily, we note:

The sentencing court is given broad discretion in determining whether a sentence is manifestly excessive because the sentencing judge is in the best position to measure factors such as the nature of the crime, the defendant's character and the defendant's display of remorse, defiance, or indifference. In order to find that a trial court imposed an unreasonable sentence, we must determine that the sentencing court imposed the sentence irrationally and that the court was not guided by sound judgment.

The sentencing code offers general guidelines with respect to the imposition of a particular sentence. Reasonableness of the sentence imposed by the trial court is based on:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.[ ] § 9781(d). The sentencing code guidelines also require the sentence to be consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

***Diclaudio***, 210 A.3d at 1076 (Pa. Super. 2019) (some citations omitted); ***see also*** 42 Pa.C.S. § 9721(b).

Appellant alleges the trial court did not "adequately consider" mitigating factors, nor sufficiently state "a reasonable basis" on the record for imposing his aggravated range sentence of two to five years' incarceration. Appellant's Brief at 11, 13. He contends the trial court "gave little deference" to his "psychological condition[,]" which would be better addressed with "treatment rather than punishment." ***Id.*** at 13-14. Furthermore, he maintains that he "simply does not believe" that the facts of the present case coupled with the surrounding circumstances justify an aggravated range sentence. ***Id.*** at 13. We conclude no relief is due.

At the sentencing hearing, defense counsel argued for a mitigated range sentence because Appellant, who was 23 years old at the time of the offense, is "not a bad person[,]" but immature and reckless. ***See*** N.T. Sentencing at 13, 16-17. In response, the trial court stated the following:

I agree with portions of what both lawyers have said here today[.] I do understand that [Appellant] committed these acts at an age where studies show . . . young men develop their frontal

- 9 -

lobe and sense of judgment after women do . . . and accordingly you may act immaturely and irrationally, and maybe a lot of these actions were done to impress other people with whom you associated[.] But I do also agree with [the Commonwealth] that there's nothing in the evidence before [the court] that would justify a mitigated range sentence.

\* \* \*

. . . [The sentence at Docket 572] is in the aggravated range based upon the number of potential victims located within the residence into which [Appellant] fired his weapon.

N.T. Sentencing at 23, 27-28. The court also ordered drug and alcohol, and psychiatric evaluations with corresponding counseling and treatment. *See id.* at 25-27.

The trial court reviewed the PSI and Appellant's "accomplishments in various programs" while incarcerated. N.T. Sentencing at 23. The court also spoke about the gravity of the offense, the sentencing guidelines, and Appellant's history, characteristics, and rehabilitative needs. *See id.* 23, 25-28. "[W]here the sentencing judge had the benefit of a [PSI] report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *See Diclaudio*, 210 A.3d at 1077 (citation omitted). Contrary to Appellant's argument that the court "gave little deference" to his "psychological condition[,]" it specifically ordered evaluations and appropriate treatment for mental health as well as drug and alcohol use. *See* N.T. Sentencing at 25-27; Appellant's Brief at 13-14. The court then specified on the record it was imposing an aggravated range sentence due to the number

- 10 -

of potential victims present in the home when Appellant blindly opened fire. *See* N.T. Sentencing at 28.

The trial court also concluded in its opinion that Appellant's claims are unsupported by the record:

> Appellant intentionally discharged a firearm into a residence anticipating there were people inside. He did so for the express purpose of scaring [Victim]. There were young children inside the residence, including a newborn. Appellant had no idea where anyone was situated inside the residence, and he did, in fact, strike [Victim] in the leg. A mitigated range sentence, or even a standard range sentence would have been inappropriate. This was dangerous behavior and Appellant was fortunate that the injury suffered by [Victim] was relatively minor in comparison to the severity that [Victim] could have suffered. An aggravated range was proper, and run[ning] it consecutive was also proper given the circumstances.

Trial Ct. Op. at 7-8. We agree with the court's conclusions that the record belies Appellant's arguments.

The trial court had broad discretion in imposing sentence, and Appellant's disagreement in the weight given to each factor does not amount to an abuse. *See Diclaudio*, 210 A.3d at 1076. The record does not support Appellant's assertions that the trial court did not provide reasons on the record for his aggravated range sentence, or that the court imposed an excessive sentence without considering mitigating factors and his rehabilitative needs. As Appellant has failed to demonstrate any abuse of discretion, no relief is due. *See id.*

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/12/2023