J-S23036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RONALD RAY SHOOP, JR. | : | |
| | : | |
| Appellant | : | No. 322 MDA 2022 |

Appeal from the Judgment of Sentence Entered August 5, 2021
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000033-2019

BEFORE: STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: NOVEMBER 18, 2022**

Appellant, Ronald Ray Shoop, Jr., appeals from the judgment of sentence of 8 years and 8 months to 17 years and 4 months' incarceration, imposed after he was convicted by a jury of four counts of burglary.[1] After careful review, we affirm.

Appellant was tried on five counts of burglary at a three-day jury trial May 11, 13 and 14, 2021 for five burglaries of houses in rural Lycoming County that occurred between October 12, 2016 and October 31, 2016. On the second day of trial, Appellant requested to represent himself and the trial court

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3502(a)(2).

conducted a **Grazier** hearing[2] at which Appellant was advised of his rights and the risks of proceeding *pro se* and Appellant waived his right to counsel and undertook to represent himself, with trial counsel acting as standby counsel. N.T. Trial, 5/13/21, at 4-7, 53-57.

At trial, security camera recordings from one of the burglarized houses were admitted in evidence and played to the jury showing two burglars driving up to and near the house, moving around outside the house, and entering it through a window.  N.T. Trial, 5/11/21, at 26-68. In addition, photographs from a trail camera near another of the burglarized houses showed one person approaching the house at the time of the burglary.  **Id.** at 136-41.  There were no recordings or photographs showing the participant or participants in the other three burglaries.  **Id.** at 103, 108, 119, 124, 131.

Appellant's cousin, Wilbur Kramer, Jr., testified that Appellant committed the five burglaries with him and identified himself as the person on the trail camera photographs, identified himself as one of the burglars in the security camera recordings, and identified Appellant as the other burglar in the security camera recordings.  N.T. Trial, 5/13/21, at 9, 20-35.  Kramer also testified that Appellant drove the car that belonged to Appellant's former girlfriend, Angel Hart, with whom Appellant was living at the time, to the

_____

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

houses that they burglarized and identified the car in the security camera recordings as Hart's car. *Id.* at 10-14, 23, 26.

Hart testified that she was living with Appellant and let Appellant drive her car in October 2016 and that she saw Appellant with jewelry that did not belong to him and that she believed was stolen. N.T. Trial, 5/13/21, at 59-61, 63-64, 68, 82, 86-87. Hart also testified that the car in the security camera recordings looked like her car and that the person driving the car and one of the two people at the front of the house "kinda" looked like Appellant, but equivocated somewhat on these identifications on cross-examination and testified that she previously told police that the person in the security camera recordings also looked like another person. *Id.* at 64-68, 71-74, 79, 81-82, 89. The victims of two of the burglaries testified that jewelry was stolen from their houses. *Id.* at 124-27, 136-37.

Items connected to the burglaries found in Kramer's apartment had Kramer's DNA and DNA of one other male, but that other DNA was insufficient to identify who that second man was. N.T. Trial, 5/14/21, at 12-19, 39. Appellant testified in his own defense and admitted seeing Kramer with jewelry and other items that he believed were stolen, but denied that he committed or participated in any of the burglaries. *Id.* at 45-46, 52-53, 60-61. Appellant admitted that the car in the security camera recordings was the same type of car as Hart's car and looked like the car in a photograph of Hart's car. *Id.* at 72-77.

On May 14, 2021, the jury convicted Appellant of four of the five burglary counts, the count involving the burglary that was captured on the security camera and the three burglaries with no video or photographs of the participants, and acquitted Appellant of the burglary where the trial cam showed Kramer and no other participant. N.T. Trial, 5/14/21, at 154-61; Verdict Sheet. On August 5, 2021, the trial court sentenced Appellant to consecutive terms of 26 to 52 months' incarceration for each of the four burglary counts, resulting in an aggregate sentence of 8 years and 8 months to 17 years and 4 months' incarceration. N.T. Sentencing at 16-17; Sentencing Order.

Appellant, represented by new counsel, filed timely post-sentence motions, including a motion for a new trial on weight of the evidence grounds and a motion for reconsideration and modification of sentence. Post-Sentence Motions at 3-4, 6-7. On February 17, 2022, the trial court denied Appellant's post-sentence motions. Trial Court Opinion and Order, 2/17/22. This timely appeal followed.

Appellant presents the following two issues for our review:

I.      Was the jury's finding of guilt at trial so against the weight of the evidence presented as to shock one's conscience and sense of justice?

II.     Did the Court abuse its discretion when imposing consecutive sentences totaling 104 to 208 months?

Appellant's Brief at 4 (suggested answers omitted). Neither of these issues merits relief.

A new trial may be granted on the ground that the verdict is against the weight of the evidence only where the evidence at trial was so weak or the verdict was so contrary to the evidence that the verdict shocks the trial court's sense of justice. *Commonwealth v. Gilliam*, 249 A.3d 257, 269-70 (Pa. Super. 2021); *Commonwealth v. Antidormi*, 84 A.3d 736, 758 (Pa. Super. 2014). Our review of the denial of a motion for a new trial based on weight of the evidence is limited. We review whether the trial court abused its discretion in concluding that the verdict was not against the weight of the evidence, not whether the verdict, in this Court's opinion, was against the weight of the evidence. *Commonwealth v. Clemons*, 200 A.3d 441, 463-64 (Pa. 2019); *Commonwealth v. Delmonico*, 251 A.3d 829, 837 (Pa. Super. 2021).

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge …. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence.

*Antidormi*, 84 A.3d at 758 (quoting *Commonwealth v. Clay*, 64 A.3d 1049 (Pa. 2013)) (brackets omitted).

Appellant argues that the jury's verdict was against the weight of the evidence because Kramer's and Hart's testimony was not credible and the DNA evidence identified only Kramer and not Appellant as a participant in the burglaries. The trial court, however, had the opportunity to observe Kramer's and Hart's testimony and the security camera recordings that showed the

second burglar and Hart's car at one of the burglary scenes, and found that the jury's conclusion that Kramer's and Hart's testimony was credible did not shock its sense of justice. Trial Court Opinion and Order, 2/17/22, at 4-5. The DNA evidence did not exclude Appellant, but was merely insufficient to identify the man other than Kramer who had handled items involved in the burglaries. N.T. Trial, 5/14/21, at 13-19, 39. In addition, as the trial court noted, the absence of Appellant's DNA would not be surprising, as the security camera recording showed the perpetrators wearing gloves. Trial Court Opinion and Order, 2/17/22, at 5. The trial court therefore did not abuse its discretion in concluding that the jury's guilty verdicts were not against the weight of the evidence.

Appellant's second issue is a challenge to the discretionary aspects of Appellant's sentence. Challenges to the discretionary aspects of a sentence are not appealable as of right and may be considered only where the following requirements are satisfied: 1) the appellant has preserved the issue in the trial court at sentencing or in a motion for reconsideration of sentence; 2) the appellant has included in his brief a concise statement of the reasons relied on for his challenge to the discretionary aspects of his sentence in accordance with Pa.R.A.P. 2119(f), and 3) the challenge to the sentence raises a substantial question that the sentence is not appropriate under the Sentencing Code. ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018)

(*en banc*); ***Commonwealth v. Radecki***, 180 A.3d 441, 467 (Pa. Super. 2018).

Appellant has satisfied the first two of these requirements. Appellant filed a timely post-sentence motion for reconsideration of his sentence in which he argued that the aggregate sentence that the trial court imposed was excessive and manifestly unreasonable. Post-Sentence Motions at 6-7. Appellant has also included a Pa.R.A.P. 2119(f) statement in his brief. Appellant's Brief at 9.

A substantial question exists where the appellant advances a colorable argument that the sentencing judge's actions were inconsistent with a specific provision of the Sentencing Code or were contrary to the fundamental norms of the sentencing process. ***Commonwealth v. DiClaudio***, 210 A.3d 1070, 1075 (Pa. Super. 2019); ***Antidormi***, 84 A.3d at 759. A claim that a sentence was excessive coupled with claim that trial court did not consider defendant's rehabilitative needs presents a substantial question. ***Commonwealth v. Caldwell***, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). Where the trial court has imposed a guideline sentence in the standard range with the benefit of a pre-sentence report, however, this Court will not consider the sentence excessive or unreasonable. ***Commonwealth v. Corley***, 31 A.3d 293, 298 (Pa. Super. 2011); ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010).

It is undisputed that the 26-to-52-month sentences that the trial court imposed for each of Appellant's burglary convictions were guideline standard range sentences and that the trial court had reviewed a pre-sentence report before sentencing Appellant. N.T. Sentencing at 2, 7, 16; Trial Court Opinion and Order, 2/17/22, at 8; 204 Pa. Code § 303.16(a) (guideline standard minimum sentence range for Appellant's offense gravity and prior record score is 24 to 30 months). The only excessiveness that Appellant asserts is that the imposition of consecutive sentences for each of the convictions resulted in an excessive aggregate sentence and that his sentence is excessive in comparison to Kramer's sentence for the same burglaries. Neither of these arguments presents a substantial question that Appellant's sentence is not appropriate under the Sentencing Code.

A trial court has discretion to impose sentences consecutively to other sentences imposed at the same time or to sentences already imposed in other cases, and a challenge to the exercise of this discretion ordinarily does not raise a substantial question. *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014); *Moury*, 992 A.2d at 171. The imposition of consecutive, rather than concurrent, sentences can raise a substantial question in only the most extreme circumstances, where the aggregate sentence is unduly harsh considering the nature of the crimes and the length of imprisonment. *Radecki*, 180 A.3d at 469-70; *Moury*, 992 A.2d at 171-72. No such extreme circumstances are present here. Appellant's aggregate sentence of 8 years

and 8 months to 17 years and 4 months' incarceration is not extreme in length given the seriousness of the crimes, as it was less than the maximum sentence of 20 years that can be imposed for the burglary offense that the jury found that Appellant committed four times. 18 Pa.C.S. § 3502(a)(2), (c); 18 Pa.C.S. § 1103(1). Moreover, the convictions were for separate crimes committed at different locations and against different victims. Because a defendant is not entitled to a "volume discount" for separate crimes, the imposition of consecutive sentences here does not raise a substantial question that the sentence is not appropriate under the Sentencing Code. *Radecki*, 180 A.3d at 468-71 (challenge to consecutive sentences for crimes against separate victims that resulted in an 11 year 1 month to 22 year 2 month aggregate sentence did not raise a substantial question); *Zirkle*, 107 A.3d at 129-31, 133-34 (challenge to consecutive sentences for three separate burglaries committed on the same day that resulted in an 17 year 1 month to 40 year aggregate sentence did not raise a substantial question).

Appellant's contention that his sentence is excessive because it is greater than the sentence that Kramer received for the same burglaries fails to present a substantial question for two reasons. First, Appellant does not point to anything in the record showing what sentence Kramer received. Allegations of facts that are not in the certified record cannot be considered on appeal. *Commonwealth v. Young*, 317 A.2d 258, 264 (Pa. 1974);

*Moury*, 992 A.2d at 174 n.9; ***Commonwealth v. Preston***, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*).

Second, even Appellant had shown that Kramer received a significantly shorter sentence, that would not raise a substantial question that the sentence is not appropriate under the Sentencing Code. The fact that a co-defendant receives a lighter sentence as a result of a negotiated plea does not show that an otherwise reasonable sentence is unreasonable. ***Commonwealth v. Ali***, 197 A.3d 742, 764 (Pa. Super. 2018); *Moury*, 992 A.2d at 171, 174.

For the foregoing reasons, we conclude that the issues raised by Appellant do not merit relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/18/2022